FRANKLIN,
*January*,
1829.

Hastings
*vs.*
Webber.
</div>

<div align="center">

MARTIN STEVENS *vs.* LUKE DEWING.
</div>

<div align="right">

FRANKLIN,
*January*,
1830.
</div>

That a lease to continue *as long as wood grows or water runs,* conveys a fee in the use.

That an instrument to divest lessee of such an estate must be executed with a seal as required by statute.

This was an action of *ejectment* for lands in *Sheldon*.  Plea, *general issue*.    The plaintiff claimed the land by virtue of a lease from *Adams Stevens* to him, to run *as long as wood grows and water runs*; said *Martin* to support said *Adams* and his wife during their lives.    The defendant produced on trial the copy of the record of a similar lease from the plaintiff to one *Theophilus Lamphier*, to which *Adams Stevens* was a party, and a quit-claim deed from *Lamphier* to *Adams Stevens* of said premises.    The defendant then showed a judgement in his favor against *Adams Stevens*, and an execution issued upon said judgement, and the same regularly levied upon the land in question.    Under which levy the defendant took possession.    The plaintiff, then, to avoid the force of said lease from him to said *Lamphier*, produced the original lease, which appeared never to have been sealed.    This, though objected to, was read to the jury.

Franklin,
January,
1830.

Stevens
vs.
Dewing.

The court then instructed the jury, that, if they found the said lease or assignment from the plaintiff to said *Lamphier* had never been sealed, to find a verdict for the plaintiff. The jury returned a verdict for the plaintiff. A bill of exceptions was allowed, on which the cause was brought up to this Court. The references to the written instruments in the arguments of counsel and in the opinion of the Court, will render the whole intelligible, without any further statement respecting them.

*Argument in support of the exceptions.*—It is sufficient for the defendant to show that the plaintiff has no title to the premises. The lease from *Adams Stevens* to *Martin Stevens* is void. They must both be bound by it or neither. *Martin* is not absolutely bound to support his parents, but only to support them or else deliver up his property to *Adams*. He can, at his pleasure, have it a contract or not.

This instrument is also void, not having been delivered. If the Court should not consider this void, the inquiry is, what is the instrument? The defendant contends it is a lease for years. The words " lease, rent," &c., and " for the term of one thousand years," and also reserving rent, make it a lease. This was evidently the intention of the parties.—The words, " as long as wood grows and water runs," are repugnant to the other parts of the instrument. The first words in the deed must govern in the construction of the instrument.—*Shep. Touchstone*, 88.—2 *Bac. Ab.*, 666, *title, Grant, I.*

The indenture or written agreement made between *Adams Stevens*, *Martin Stevens*, and *Theophilus Lamphier*, is a *surrender* from *Martin* to *Adams* of *Martin's* right as lessee of the premises, which can be made by writing without seal. It appears by this instrument that *Martin* surrendered to *Adams*, (or to *Lamphier* for *Adams*, and according to *Adams'* desire,) *Martin's* interest as lessee to the premises. *Adams* was lessor and had the reversion. By this instrument *Adams* discharges *Martin* from all liabilities on the lease. *Lamphier* receives the property and engages to support *Adams* and his wife, and, on failure of supporting them, to deliver the property to *Adams*. And it was agreed by *Adams*, *Martin* and *Lamphier*, that *Lamphier*, in the aforesaid premises, should stand in the place of *Martin Stevens*.—*Shep. Touchstone*, 300, 301 and *n*. 305–6–7–9–52.—*Stat.* 166, 2 *sec.*

The statute of this state declares what estates may be surrendered in writing. In the surrender of *Martin* to *Lamphier* for

*Adams,* nothing is released to *Martin.* The whole estate pass-
ed from him.

But, if the instrument should be considered an assignment from
*Martin Stevens* to *Lamphier,* a seal is not necessary to make
it valid.

*S. Royce, jr. contra.*—It will be contended for the plaintiff,

1. That, by the indenture between *Adams Stevens* and the plaintiff
dated March 1, 1809, the latter acquired an estate in fee, sub-
ject to be defeated by the non performance of certain conditions.
The operative words of the grant are the following :—" That I,
" the said *Adams,* do on my part and behalf lease, let, rent, and
" confirm, to the said *Martin,* and his heirs, one certain lot," &c.
" for the full term of one thousand years, or as long as wood
" grows or water runs." To this the grantor adds the following
covenant :—" I, the said *Adams,* do, for myself and heirs, engage
" to warrant and secure and defend the said premises, during
" the whole of said term of time, against all claims and demands
" of any person or persons, laying any claim thereto, or any part
" thereof." These granting words, in connexion with the coven-
ant of warranty, are sufficient to pass the fee: • If there is any
doubt upon the granting words alone, the covenant operates by
way of estoppel upon the grantor, and of confirmation upon the
granting clause. There is no uncertainty as to the duration of the
estate : for, if the periods here mentioned are not regarded as in
substance synonymous, yet the grant is good for the one period
or the other ; and as the grant is to be construed more strongly
against the grantor than the grantee, it is at his election an estate
while wood grows, &c. A sufficient consideration for this con-
veyance appears in the covenants of the plaintiff to maintain *Adams*
*Stevens* and his wife.

2. That the plaintiff has not conveyed away his estate. Since
the conveyance by livery of seizin only has been abolished, a deed
has always been necessary to convey a freehold estate—and es-
pecially an estate in fee. The expressions in the statute, " a deed
or note in writing," are to be understood with reference to the
different interests and estates to be conveyed ; and while the
" note in writing" would suffice to convey a chattel interest, the
" deed" was necessary to convey a freehold. The instrument
executed by and between the plaintiff, *Theophilus Lamphier,* and
*Adams Stevens,* dated March 1, 1817, is not a deed, and, there-
fore, cannot operate as a direct conveyance from the plaintiff to
*Lamphier.*

Neither does it operate as a surrender of the estate from the

Franklin,
January,
1830.

Stevens
vs.
Dewing.

plaintiff to *Adams Stevens*. There are no words of a surrender, nor is there any apparent intent that the plaintiff should convey, release, surrender, or discharge, to *Adams Stevens* any interest or right whatever. All that the plaintiff undertook or meant to do, was to convey his estate to *Lamphier*, subject to conditions similar to these in his own deed. If this is construed to be a surrender to *Adams Stevens*, the whole estate necessarily stopped and vested in him, as it could not pass to *Lamphier*. And thus the design of all the parties was frustrated. The estate of the plaintiff was not a subject of surrender, but required a reconveyance adapted to the magnitude of the estate. A surrender is the return of a lesser estate into a greater, and is the converse of a release, which is the falling of a greater estate upon a lesser one. But *Adams Stevens* had not a greater estate than the plaintiff, for the plaintiff had the whole estate, subject to conditions, which at most could endure but a few years.

Nor did this instrument operate as an assignment of the plaintiff's estate to *Lamphier*. *Firstly*, because an assignment was not a sort of conveyance adapted to the estate, which was not a subordinate interest, but the principal estate, and could be conveyed only by an ordinary mode of conveyance. *Secondly*, because the estate, if assignable, could be assigned by the party no otherwise than by a deed—it being a freehold of inheritance. *Thirdly*, because the instrument shows no consideration sufficient to support any conveyance whatever. The only colour of consideration is the engagement on the part of *Lamphier*, and the discharge of the plaintiff from his previous covenants by *Adams Stevens*. But the latter is void and inoperative, because by parol; and the former imposes no obligation on *Lamphier* which was of any certain benefit to the plaintiff. It was, at most, but a promise of *Lamphier* to maintain the old people, *so long as he chose to occupy the land;* but he was at liberty to abandon all whenever he pleased, and was not even bound to take possession at all. The plaintiff continued liable upon his original covenants, and received no indemnity or equivalent in this transaction.

Nor was this instrument available as an authority from the plaintiff to *Lamphier* to make a future surrender to *Adams Stevens*. Assuming that the estate of the plaintiff might be surrendered, (which we by no means admit) still a deed was necessary to effect that object. But the deed from *Lamphier* to *Adams Stevens*, dated February 4th, 1821, cannot operate upon the estate of the plaintiff. *Firstly*, because *Lamphier* had no authority, by deed, to execute that conveyance in right of the plaintiff.— *Stat. p.* 170. *Secondly*, because the form of the deed, and the

mode of execution, are not adapted to the execution of an agency. It, therefore, conveyed nothing beyond the personal interest of *Lamphier* himself.

3. We contend, that the plaintiff's estate has not been avoided or defeated by the re-entry of *Adams Stevens* for condition broken. No actual re-entry for that purpose is pretended. But, perhaps, it will be insisted that his acceptance of the deed from *Lamphier* is tantamount, and ought to be followed by the same consequences. But to this it may be answered—*First*, that the case discloses no facts which would give *Adams Stevens* a right to re-enter. It does not appear that the stipulated maintenance was ever withheld ; and his declaration, appended to the deed from *Lamphier*, shows the contrary. Without a sufficient cause for re-entry, surely no act of *Adams Stevens*, nor any joint act of him and *Lamphier*, could prejudice the plaintiff. *Second* :—as a re-entry was to work a forfeiture of the plaintiff's vested estate, and as forfeitures are odious in law, the construction upon the exercise of this right is strict, and when an actual entry is possible, no substituted act or ceremony is admitted. *Third* :—the simultaneous declaration of *Adams Stevens* recorded with the deed, shows that he received that conveyance in right of the plaintiff; and that declaration is proper evidence of the intent with which the deed was executed and accepted. It is, therefore, evident that this act of *Adams Stevens*, cannot be construed as a retaking of the property from the plaintiff on the ground of forfeiture.

HUTCHINSON, J. after stating the case, pronounced the opinion of the court.—The charge of the county court, to which the defendant took exception, was, that, if the jury should find the conveyance from the plaintiff to *Lamphier* to have never been sealed, then to return a verdict for the plaintiff ; but, if they found it to have been sealed, to return a verdict for the defendant.

Though this charge seems to present but a single question, yet several distinct points, urged in argument, are involved in the decision of this.

The defendant relies upon the want of title in the plaintiff, as well as title in himself ; and he first objects, that the premises in controversy are not sufficiently described, in said conveyance from *Adams Stevens* to the plaintiff, to vest any title in him. The description is as follows, " a certain piece, lot, or tract, of land in *Sheldon ;* part of which is one half of lot No. 51, second division, and the other part is one quarter of lot No. 62, third division. Said lots join together in said *Sheldon*." Reference is then made

FRANKLIN,
*January,*
1830.

Stevens
*vs.*
Dewing.

to the original grantee, and to the deed of the same land to said *Adams Stevens*; and it adds, " containing about 100 acres." The plain construction of this is, that the tract consists of half of No. 51, and a quarter of No. 62, lying together. If such lots lie together, there remains no difficulty about the description ; and that may be made to appear from testimony *aliunde*. Moreover, the case makes no mention that this point was urged at the trial. It either was not urged, or was obviated by evidence to the jury.

Again, the defendant objects, that the plaintiff was not bound to support said *Adams Stevens* and his wife ; and, therefore, said conveyance is void. This objection is answered by reading the covenants in said conveyance. These covenants are suitably framed to bind the plaintiff to such support in the strongest manner possible.

A third objection raised is, that this instrument was never delivered. It appears to have been executed by both parties, and recorded ; and then placed in the care of a third person, for the mutual benefit of both parties. This was done instead of making two parts. The court adjudge this to be a sufficient delivery.

Again, the defendant objects, that this conveyance from *Adams Stevens* to the plaintiff is only a lease for years ; and, therefore, that the lease to *Lamphier*, though without seal, but made with the assent of said *Adams Stevens*, and *Lamphier's* deed to said *Adams Stevens*, operate together as a surrender of the first lease, and leave no title in the plaintiff.

Hence we are called upon to determine the character of this first conveyance. The granting words are, " lease, let, rent, and confirm to said *Martin*, (the plaintiff,) and his heirs." The duration is, " for the full term of one thousand years, or as long as wood grows or water runs." And the covenants to the plaintiff for quiet enjoyment, &c. extend through the whole of said term of time. The matters to be performed by the plaintiff are to continue only during the life of the grantor and his wife. This conveys a fee in the use, liable to be defeated, during the life of *Adams* and wife, by a failure, on the part of the plaintiff, to perform the conditions, on his part to be performed. After that, the title will be absolute in the plaintiff and his heirs and assigns forever. If the term, " one thousand years," would make but a chattel interest, the term, " as long as wood grows or water runs," would render it perpetual. And, instead of applying to this the principle, that the first words govern in a deed, we must apply the principle, that the deed must be construed most strongly against the grantor.—See 4 *Mass. Rep.* 266, *Clapp* vs. *Draper*. There, a grant was made to a man, and his heirs and assigns, of all the

FRANKLIN,
January,
1830.

Stevens
vs.
Dewing.

trees and timber growing on a certain close forever, with liberty to cut and carry away the same at pleasure. It was decided, that this vested an inheritance in the trees and the timber then growing, or which might thereafter grow, on the close, with an exclusive interest in the soil, so far as necessary for the growth and nourishment of the trees. The whole deed must be construed together, and most strongly against the grantor, where there is room for construction.—See *Shep. Touch,* 81—2. This deed, then, vested a fee in the plaintiff; and nothing appears in the case, that *Adams Stevens* had ever entered for condition broken, nor that there had ever been any failure on the part of the plaintiff, which would give such right of entry.

The plaintiff's title, being a fee, could not be conveyed nor surrendered, but by a deed properly executed. The question about the seal was, therefore, correctly left to the jury.—See *Shep. Touch.* 306.

The instrument given by the plaintiff to said *Lamphier* carries in itself the idea of its being executed under seal. This shows the intention of the parties so to execute it, had it not been omitted through forgetfulness or mistake.

If the defendant has any adequate remedy, it must be by a bill in chancery to compel the plaintiff to execute such a conveyance as this would be, if properly sealed. As the case stands, there is no error in the judgement of the county court, and the same is affirmed.

<div align="center">Judgement affirmed.</div>

*Royce* & *Hunt*, for plaintiff.
*Aldis* & *Davis*, and *Burt*, for defendant.