## SCHOOL DISTRICT No. FIVE OF DELHI v. WILLIAM E. EVERETT.

[See 49 Mich. 432.]

*Lease to school district conveying a base fee.*

1. A lease to a school district, to hold the property "during the time it is used for school purposes," is a lease in perpetuity at the will of the lessee; and as the lessee is a corporation, and words of inheritance are not required, the lease, if a present consideration is paid, really operates as a bargain and sale, and conveys a base or determinable fee. This is sufficient to satisfy the provisions of the school law, which requires a title in fee or a lease for ninety-nine years where land is to be secured for erecting a stone or brick school-house.

2. After the lapse of a dozen years it is too late to disturb the title to a school-house site by mere questions of regularity in the proceedings to designate it.

Appeal from Ingham. (Gridley J.) Oct. 25.—Dec. 21.

BILL to compel delivery of deed in fee simple. Complainant appeals. Affirmed.

*S. T. Kilbourne* for complainant.

*Edward Cahill* for defendant.

Cooley, J.    The statute which defines the powers of school-district boards provides, among other things, that

"They shall purchase or lease a site for a school-house, as shall have been designated by the district, in the corporate name thereof, and shall build, hire, or purchase such school-house out of the fund provided for that purpose, and make sale of any site or other property of the district, when lawfully directed by the qualified voters at an annual or special meeting ; provided, that the district shall not in any case build a stone or brick school-house upon any site, without having first obtained a title in fee to the same, or a lease for ninety-nine years ; and also that they shall not in any case build a frame school-house on any site for which they have not a title in fee, or a lease for fifty years, without securing the privilege of removing the said school-house when lawfully directed so to do by the qualified voters of the district, at any annual or special meeting."    Comp. L. § 3629.

In September, 1867, the complainant in this suit was owner of a school-house and lot, and was in the occupation of the same, but the ground was low and needed drainage, and the question of procuring a new site for either temporary or permanent occupation was agitated among the voters. The place talked of for the purpose was on the land of the defendant, and some understanding with him concerning it appears to have been arrived at, but the parties do not agree what the understanding was.    At the annual meeting held September 2, 1867, the meeting "voted to raise tax money sufficient to repair school-house and pay for a new site for the same, the amount to be ascertained and the job let by the following persons who were appointed a committee for that purpose by the moderator :    D. S. Price, C. Haag and Philip Beal."    In January, 1868, the following instrument was executed by defendant and the members of the district board.

"Know all men by these presents  that William E. Everett of the township of Delhi in the county of Ingham and State of Michigan, of the first part, for the consideration herein mentioned, does hereby *lease* unto school-district No. 5, in the township, county and State aforesaid, party of the second part and their assigns, the following parcel of land, to-wit : Commencing at a certain stake in the center of the

Lansing & Eaton Rapids State Road, running at a right angle of said road eight rods; thence parallel with said road ten rods; thence at a right angle with said road eight rods; thence on the line with said road ten rods to the place of beginning,—being on that portion of W. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section 5 lying east of the Lansing & E. R. State Road in town 3 N. of range 2 W.; with all the privileges and appurtenances thereunto belonging, to have and to hold the same for and during the time it is used for school purposes. And the party of the second part, for themselves and their assigns, do covenant and agree to pay the said party of the first part for the said premises the sum of forty ($40) dollars, and to keep the said premises fenced in a good and substantial manner.

In testimony whereof the parties have hereunto set their hands and seals this ninth day of January, A. D. 1868.

WM. E. EVERETT, Lessor [L. S.]

D. S. PRICE           [L. S.]

{ Revenue Stamp, 50c. }   S. DRUMM            [L. S.]

{ C. H. D., Register. }   PHILIP BEAL       [L. S.]

{ March 4, 1868. }   District Board of School-district

                      No. 5 of the aforesaid Township.

Signed and sealed in the presence of

       MILES GILLETT,

       W. DRUMM,

       C. HAAG."

The sum named in this instrument was paid, and the district took possession of the land described, and has ever since been occupying it for school purposes. The instrument itself was placed on record in the office of the register of deeds for the county.

In the year 1881, the district having in contemplation the erection of a stone or brick school-house on the lot described in the instrument above given, question was made whether the title conveyed was such as would warrant it; and it was claimed on behalf of the district that by the understanding when the instrument was given, a title in fee-simple was to have been and should have been conveyed. The officers accordingly called upon defendant and requested that he execute to the district either a deed in fee-simple or a lease for ninety-nine years. He refused to execute either, and denied that there was ever an understanding for any

different instrument than the one which was executed and delivered. The present suit was then commenced. The purpose is to enforce the specific performance of the oral understanding alleged to have existed in January, 1868, and the bill alleges that by inadvertence a different instrument was then received by the officers of the district than the one bargained for.

The defendant answered, denying the equity of the bill, and proofs were taken. The affirmative showing on behalf of the complainant is very strong, but considerable evidence is put in by the defendant that in the negotiations with him he declined to convey an unqualified fee, and the instrument which he executed and which the school officers received and recorded must be considered as supporting very strongly the case made by the defense. On the whole we cannot say that complainant has established its case with sufficient certainty to justify a decree in its favor. This was the view taken of the case by the circuit judge, and his decree must stand affirmed with costs.

Another view might be taken which would lead to the same result. It is fully conceded by the defendant that the understanding was that the district should have the land so long as it should be occupied for school purposes; and the instrument which he gave shows this intent very conclusively. The instrument was therefore at the very least a lease in perpetuity at the will of the lessee. *Folts v. Huntley* 7 Wend. 210; *Effinger v. Lewis* 32 Penn. St. 367. But it was more than this. The grantee being a corporation, words of inheritance were not needed to convey a fee; and though the instrument given is spoken of as a lease, yet, as it was given for a present money consideration, it operated as a bargain and sale : *Jackson v. Alexander* 3 Johns. 484; s. c. 3 Amer. Dec. 517; *Jackson v. Fish* 10 Johns. 456; *Feoffees &c. v. Andrews* 8 Met. 584; *Beach v. Haynes* 12 Vt. 15; and it conveyed a base or determinable fee, which we think answers all the purposes of the statute. *Arms v. Burt.* 1 Vt. 303; s. c. 18 Amer. Dec. 680; *Stevens v. Dewing* 2 Vt. 411. The statute does not

require a fee-simple; its purpose is to make sure that public school moneys shall not be expended in permanent buildings on land to which the district has a right which is less than a leasehold interest for ninety-nine years. In this case the right is perpetual, though subject to terminate by abandonment of school use.

Some question was made whether the new site had ever been legally designated by a vote of the school-district; but after this lapse of time no question of regularity in the designation could be tolerated. School-districts, unfortunately, are apt to act with great informality in their corporate matters; and it is a sound rule to let general acquiescence cover the errors.

The other Justices concurred.