No. 26,134.

In re Appeal of O. J. Brown, Agnes Clovis, Charles O. Morris and May Savage, Heirs at Law of Sue C. Ross, Deceased.

SYLLABUS BY THE COURT.

1. Wills—*Construction—Nature of Estate Created.* The phrase "as long as life doth last," in a will devising and bequeathing property to a person named, is tantamount to "forever."

2. Same—*Construction Against Intestacy.* In interpreting the language of a will, the law prefers a construction which will prevent a partial intestacy to one which will permit it, if such construction may reasonably be given.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed October 10, 1925. Affirmed.

*W. N. Banks, O. L. O'Brien, Walter L. McVey, P. L. Courtright,* all of Independence, *E. A. Coufal* and *M. A. Shaw,* of David City, Neb., for the appellants.

*Thomas E. Wagstaff, Jay W. Scovel,* both of Independence, and *Sullivan Lomax,* of Cherryvale, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This action is to construe the will of Bowen Ross, which, omitting formal parts, provides:

"First. All my just debts and funeral expenses shall first be fully paid.

"Second. I, give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of which I may die seized, to my beloved wife, Sue C. Ross, to have, to hold, to her my said wife, *as long as*

---

1. Wills, 40 Cyc. p. 1574.   2. Id., 40 Cyc. p. 1409.

*In re* Brown.

*life doth last,* and that she (my said wife) may dispose of the same in any manner and for such purpose as she may deem best.

"Third. I nominate and appoint my beloved wife, Sue C. Ross, to be the executrix of this my last will and testament, hereby revoking all former wills by me made."

Bowen Ross died November 7, 1921, leaving the above will and leaving a substantial estate, consisting of bonds, notes and mortgages and real estate. His widow filed the statutory election to take under the will. She was appointed executrix and continued to act as such until her death in February, 1923. She left a will disposing of all the property, but this was set aside, because of her mental incapacity, by an action in district court. Bowen Ross and his wife had no children. The controversy arises between the heirs of Bowen Ross, on the one hand, who contend that his will left to his widow a life estate only in his property, and the heirs of Sue C. Ross, on the other, who contend that the will vested in her the fee. The sole question to be determined in this case is whether the will of Bowen Ross devised and bequeathed to Sue C. Ross an absolute estate in his property or a life estate only.

The first clause in the will is perfunctory; the third simply names the executrix and revokes former wills; hence the real controversy concerns the second clause. As to this clause it will be noted that the testator gave *all* of his estate to his wife. The language used would indicate that he did not intend to die intestate as to any portion of his property. By the terms of the will this estate was given to the wife to have and to hold "as long as life doth last." Quite a little of the argument hinges around this phrase. Appellants would read it as though it contained a possessive pronoun and read "as long as *she* lives," or "as long as *her* life lasts," but there is nothing in the will to indicate any specific reason for doing so. We construe the phrase as tantamount to forever. It was held in *Arms v. Burt*, 1 Vt. 303: "That a conveyance to a man, his heirs and assigns, *so long as wood grows and water runs,* creates a fee simple." (Syl.) In the opinion it was said: "Those terms extend as fully beyond the use of land as the term *forever.*" (p. 309.) To the same effect are *Stevens v. Dewing*, 2 Vt. 411, and *Propagation Society v. Sharon et al.*, 28 Vt. 603.

It will be noted that the wife was given power to dispose of the property "in any manner and for such purpose as she may deem best." This provision is consistent with absolute ownership. It

tends to be inconsistent with a life estate only, though perhaps it would not entirely destroy such an estate if one were clearly created. It will be noted no remainderman is mentioned or referred to in the will. So far as this will is concerned, no one is to take this property but the widow.

To construe this will as giving to the wife a life estate only would be to construe it as not applying at all to the fee of the property and leaving the testator intestate as to the fee. Such a construction will not be given unless the language of the will clearly requires it. In *Presbrey v. Simpson,* 290 Fed. 333, it was said:

"The law prefers a construction which will prevent a partial intestacy to one which will permit it, if such construction may reasonably be given." (Syl. 2.) (See, also, 28 R. C. L. 227; 40 Cyc. 1409; *Burr v. Tierney,* 99 Conn. 647; *Tucker v. Tucker,* 308 Ill. 371; *In re Spier's Estate,* 224 Mich. 658; R. S. 22-258.)

With the conclusion we have reached, not much else need be said. Many authorities have been cited by counsel, but we do not deem it necessary to make a detailed analysis of them. We have examined all of them and others with care and find nothing in any of them contrary to the conclusions we have reached.

The judgment of the court below is affirmed.