No. 27,610.

ARTHUR P. FIELDING et al., *Appellees*, v. LEONARD H. ALKIRE
et al., *Appellants*.

(261 Pac. 597.)

SYLLABUS BY THE COURT.

1. WILLS—*Construction—Revocation of Life Estate Only With New Devise Disposing of Both Life Estate and Remainder.* Where a will in paragraphs seven and eight gives a life estate to a daughter and a remainder over to her children, and a codicil specifically revokes the life estate but does not mention in that connection the remainder, and then devises and bequeaths to the wife "all and every the property of every kind heretofore described in paragraphs seventh and eighth, in the foregoing will, to be hers absolutely and forever," and then describes the same land as in those paragraphs, *held,* that the codicil devises the entire estate to the wife.

2. SAME—*Construction—Partial Intestacy Not Favored.* An indefinite expression of intention in a codicil will not limit the conveyance by the codicil of the whole estate in land when it does not clearly appear that a lesser estate was actually intended.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed December 10, 1927. Affirmed.

*Frank Doster,* of Topeka, and *George D. Rathbun,* of Manhattan, for the appellants.

*R. P. Evans, George Clammer, Hal E. Harlan* and *A. M. Johnston,* all of Manhattan, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This case involves the construction of a will and codicil thereto. The will gave a life estate in land to a daughter and remainder to her children. It also gave her a bequest of $2,500, to be paid her in cash. The codicil specifically revoked the devise and bequest to the daughter, and did not mention the estate in remainder, but devised and bequeathed the same land, both by reference and by description, and the same amount of money to his wife. The question is, Does the codicil give the wife an estate in fee, or does it simply substitute her for the daughter with a life estate only, leaving a remainder for the children of the daughter? The construction will necessarily depend upon the language of this portion of the will and the codicil. The seventh and eighth para-

Pleading, 31 Cyc. p. 606 n. 28. Wills, 40 Cyc. pp. 993 n. 2, 994 n. 7, 1382 n. 63, 1386 n. 85, 1392 n. 11, 1409 n. 4, 1414 n. 26, 1421 n. 65 n. 70, 1573 n. 26, 1576 n. 39; 28 R. C. L. 227.

graphs of the will are as follows, omitting the description of the land:

"*Seventh.* I give, devise and bequeath to my daughter, Cornelia Hoadley, for her use, enjoyment and profit, during her natural life, the following real estate in Riley county, Kansas, to wit: [here follows description]; the said Cornelia Hoadley to have the use and benefit of all of said real estate and all the rents and profits thereof for her support and maintenance and for the support, nurture, and education of her minor children, and at her death all of said real estate to descend to and become the property of the children of the said Cornelia Hoadley, share and share alike, and I hereby declare it to be my intention and desire by this devise to provide a support for my said daughter during her lifetime, sufficient to enable her to live in comfort and to give her children a thorough education, and at her death to leave a sure and certain remainder in all of said real estate for the children of said Cornelia Hoadley.

"*Eighth.* I give, devise and bequeath to my said daughter Cornelia Hoadley, the sum of $2,500 in money, the same to be paid by the executor of this will to the said Cornelia Hoadley in equal annual payments of $500 each."

The codicil in full, omitting description of the land, which is the same as in the paragraph of the will above quoted, is as follows:

"Know all men by these presents:

"That since the execution of the foregoing will, more mature reflection has convinced me that in view of the fact that I have already made advancements of considerable sums of money to my daughter, Cornelia Hoadley, and in view of certain other matters and things which have occurred since the foregoing will was executed, a change in my will is, in my judgment, rendered necessary, and to that end I hereby declare the following to be my deliberate act, and announce this, the following, as the first codicil to my will:

"*First,* I hereby revoke and annul any and all bequests heretofore made to my daughter, Cornelia Hoadley, of every kind and nature, and particularly the bequests described and contained in paragraphs numbered seventh (7th) and eighth (8th) in the foregoing will.

"*Second,* I hereby give, devise and bequeath to my wife, Adelia E. Higinbotham, all and every the property of every kind heretofore described in paragraphs seventh and eighth, in the foregoing will, to be hers absolutely and forever, to wit: [here follows description]; and also the sum of two thousand five hundred dollars ($2,500) in money mentioned in paragraph eight (8) of the foregoing will. I direct my executor to pay this last sum to my wife, Adelia E. Higinbotham, instead of to my daughter, Cornelia Hoadley, hereby intending to bequeath to my said wife all the property heretofore bequeathed to the said Cornelia Hoadley."

The will was executed by George W. Higinbotham on May 9, 1899, and the codicil on September 2, 1899, at both of which times his daughter and her only child, a daughter, were living with him and his wife at their home. The testator died on October 22, 1899, and

the will and codicil were probated on October 27, 1899. On February 15, 1907, the wife, assuming to be the owner in fee simple under the codicil, conveyed by warranty deed a portion of the land described in the codicil, and by subsequent mesne conveyances the plaintiffs in this action claim title.

This action is brought to quiet title against those who claim to be entitled to an estate in remainder under the provisions of the seventh and eighth paragraphs of the will. The defendants are the child and husband of the deceased granddaughter of the testator, she being the only child of the daughter of the testator. The daughter of the testator is still living, but the wife of the testator, who took under the codicil, died in 1915. The fact that the daughter was sued for damages in a large sum very shortly after the making of the will is assigned as the reason for the revocation of the devise and bequest to her and the making of the devise and bequest to the wife in the codicil in addition to what the wife had already been given by the will. The amended petition is unusually long for one in a quieting-title action. It sets out the will and codicil and the deed from the wife of the testator, and shows probate of the will, payment of debts, settlement of the estate, and all the conveyances down to the plaintiffs. It also alleges adverse possession, laches, estoppel, and other grounds for their claim of title against the defendant. The answer denies everything except the allegations concerning the will and codicil, the probate of the same, the conveyance by the wife, the subsequent mesne conveyances, and the reliance of such purchasers upon the record. It then at great length alleges the relation of the parties, the effect of the damage suit, the attitude of the wife of the testator, as shown by her will and codicil thereto, and concludes with a cross petition against the plaintiffs in ejectment. To this the plaintiffs filed a general denial for reply. Motions to make the amended petition more definite and certain and to strike out certain portions thereof and a demurrer thereto were all overruled before the filing of the answer and cross petition. The matter was determined in the trial court by sustaining the motion of the plaintiffs for judgment on the pleadings, from which judgment the defendants appeal, complaining of the adverse rulings of the trial court on the motions and demurrer, but particularly of rendering judgment for plaintiffs on the pleadings, frankly stating in the opening paragraph of the brief that "the principal question is the proper interpretation of the will and codicil." Appellants main-

Fielding v. Alkire.

tain that the codicil lacks words that are necessary to make a devise in fee, and point to some other places in the will where the term "in fee" is used; also, that the words "absolutely and forever" do not supply this omission or constitute a complete estate. They also urge that the two references in the codicil to the daughter and the expressed intention of the testator are conclusive that only a life estate was given by the codicil to the wife, and the remainder provided for in the will to the children of the daughter still stands, and that such remainder is accelerated by the death of the substituted devisee, the wife.

The argument of appellants to the effect that the specific and definite character of the revocation as expressed in the codicil, without any reference to the remainder, is not without merit, because by all the authorities revocations of provisions of a will should only be made by definite statements in the codicil or strong implications by a disposition of the property which are necessarily inconsistent with such provisions. It would be difficult in this case to conclude that the specific language of revocation in the codicil went further than to annul the devise and bequest to the daughter. But what does the codicil give the wife? It gives her "all and every the property of every kind heretofore described in paragraphs seventh and eighth, in the foregoing will, to be hers absolutely and forever," then describes the land. It will be observed that the testator used more complete and inclusive language in this devising sentence than in the revoking sentence of the first paragraph. What was the property described in paragraphs seven and eight? It was more than the life estate. Paragraph seven created the remainder and designated the beneficiaries thereof. Whatever there is described in paragraph seven is devised under this codicil to the wife of the testator. Cases are cited showing that the word "absolute" means quality of title and not quantity, and others defining the word "forever" as relating to time or duration, and that neither of them take or supply the place of the expression "in fee simple." In the case of *Johanson v. Johanson,* 118 Kan. 103, 233 Pac. 1039, the following language was used in the third paragraph of the will: "I give, devise and bequeath to my wife, Anna L. Johanson, the following property to be hers absolutely and forever." The court in the syllabus said: "The provisions of a will considered, and *held,* the testator's wife was given an estate in fee in a tract of land, and not a life estate only."

The commonplace and everyday meaning of the word "devise" used in this codicil is in favor of a full and complete estate, without any suggestion or even suspicion of a remainder over.

"There is no occasion for employing rules for judicial construction of a will in search of the testator's intention where such intention is expressed clearly and unequivocally in the instrument." (*Morse v. Henlon,* 97 Kan. 399, syl. ¶ 1, 155 Pac. 800.)

The thought of the impending damage suit described in the answer was evidently urging him to make sure that no property would by any possible contingency or construction be left to the daughter. That was the whole occasion or necessity for the codicil. This expression of intention on his part conveys no thought of division of estate or limitation of interest. He knew, as most parents do and as is shown by the will and codicil of the wife set out in the answer, that the children of the daughter would be abundantly safe, and would not suffer with the property in the hands of his wife. It doesn't seem reasonable that a man of considerable business ability and wealth could have planned to retain the remainder mentioned in the will without again mentioning it in the codicil, especially when there was the open and glaring question confronting him of when it would commence—whether on the death of his daughter or his wife. The law favors testamentary transfers of the entire estate, instead of part only, when there is doubt.

"Every devise of real property in any will shall be construed to convey all the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate." (R. S. 22-258.)

Taking all the language of the codicil together and all the surrounding circumstances mentioned in the pleadings, it appears to us that the most reasonable and natural meaning and intention of the codicil is to convey to the wife an entire estate in fee simple, and it does not look to us as if the testator intended thereby to convey a less estate.

"In interpreting the language of a will, the law prefers a construction which will prevent a partial intestacy to one which will permit it, if such construction may reasonably be given." (*In re Brown,* 119 Kan. 402, syl. ¶ 2, 239 Pac. 747.)

There are two further reasons that might be considered to confirm the conclusion above reached, but they are too technical on which to rely in the first instance. They are, first, the separation of the

Fielding v. Alkire.

second paragraph into two sentences, which would indicate that the expression of intention in the closing sentence related only to the gift of $2,500; second, the literal meaning and appropriate use of the word "bequeath" refers only to personal property and not to real property, so that the expressed intention in that connection might well be said to have reference only to the legacy and not to the land.

" 'Bequeath' is properly used only in making a testamentary transfer of personal property." (1 Words and Phrases, 431.)

Appellants complain of the ruling of the court on the preliminary motions and the demurrer. No doubt something might well have been stricken from the amended petition, and possibly some parts of it might have been made more definite and certain, but if it contains sufficient to constitute a cause of action, then, at least for the purposes of this case, which has to do entirely with the pleadings, it is enough; and when judgment is rendered in favor of the plaintiff on the pleadings and approved by this court, it necessarily follows that the ruling on the demurrer was not erroneous.

Complaint is made that the amended petition contained many allegations which were confuted by the defendants, and that defendants should have been permitted to disprove them and establish by explanation many of the allegations of the answer. When judgment is rendered on the pleadings, those allegations of the amended petition which are denied or put in issue are not considered. Only the express or implied admissions and the allegations of the answer are the basis of such ruling.

The refusal of the court to listen to extrinsic evidence to explain the will was not error, because such evidence could only have been admitted upon the trial to establish the allegations of the answer, and they were considered the same as proved when the court rendered judgment on the pleadings. We find no error in this or other matters suggested in the brief of appellants.

The judgment is affirmed.

JOHNSTON, C. J., not sitting.