No. 29,255.

LOTTIE GUTHRIE, *Appellee*, v. ERNEST GUTHRIE, GRACE CASTLE, PEARL THORNBURG, and ERNEST GUTHRIE, as Executor of the Last Will and Testament of Page Guthrie, Deceased, et al., *Appellants*.

(286 Pac. 195.)

Opinion filed April 5, 1930.

*A. L. Drummond* and *L. H. Wilder,* both of Norton, for the appellants.

*T. D. Relihan, A. W. Relihan,* both of Smith Center, and *J. F. Bennett,* of Norton, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: As this action reaches this court it is one to construe the will of Page Guthrie, deceased. He and the plaintiff, Lottie Guthrie, were married in 1911 and lived together as husband and wife on a farm until his death in November, 1927. In 1922 Page Guthrie made his will, to which his wife consented in writing. After his death his will was duly probated and his estate is being administered under it. We set out the paragraphs of the will necessary to be construed, italicizing the portions in controversy.

"1. I direct that my funeral expenses, that the expenses of my last sickness, and that *all of my just debts* be first paid in full.

"2. To my wife, Lottie Guthrie, I give, devise and bequeath, fully and without reservation [200 acres of land is described] *subject to any and all encumbrance on any and all parts thereof,* and to my said wife I also give, devise and bequeath an undivided one-half of all the personal property of which I may be the owner at the time of my death, *all of the property herein given being subject to the payment of a one-half of the above expenses and to a one-half of the above debts.*

"3. To [two brothers and two sisters are named] I give, devise and bequeath [80 acres of land is described] in equal parts, and to [the same persons] I give, devise and bequeath, in equal parts, an undivided one-half of all of the personal property of which I may be the owner at the time of my death, all of the property *in this paragraph being given subject to the payment of a one-half of the above expenses and to a one-half of the above debts.*

"4. To my brother, Ernest Guthrie, I give, devise and bequeath all of my

right to and all of my interest in" [160 acres of land is described. This interest was an undivided one-eleventh.]

At the time of the death of the testator there were encumbrances amounting to $1,832.93 on the 200 acres devised to plaintiff. The home of the parties had been on this land for many years, and after the death of the testator the widow and her son by a former marriage continued to make it their home. There were no encumbrances on the lands described in paragraphs 3 and 4 of the will. There was a total personal indebtedness of $2,812.35, of which $1,481.48 had been paid at the time of the trial of this case from rents and personal property passing to the executor, leaving unpaid personal debts of $1,330.87. This, plus the encumbrances on the 200 acres, amounts to $3,163.80. The question in controversy is: By the terms of the will is the plaintiff, Lottie Guthrie, required to pay all the encumbrances on the 200 acres ($1,832.93) and one-half of the other debts (one-half of $1,330.87), which would make her total payments $1,832.93 plus $665.44, or $2,498.37; or is she to pay one-half the total $3,163.80, which would be $1,581.90? Stated from the viewpoint of defendants, the brothers and sisters named in paragraph 3: Are they required to pay one-half of the total $3,163.87, which would be $1,581.90, or only one-half of the debts, exclusive of the encumbrances on the 200 acres, which would be $665.44? It was stipulated that the 200 acres described in paragraph 2 is worth $7,000 and that the 80 acres described in paragraph 3 is worth $2,000.

The trial court held that the plaintiff should pay but $1,581.90, one-half of the total, and that the defendants, the brothers and sisters named in paragraph 3 of the will, should pay an equal amount, $1,581.90, and further held that the plaintiff and the defendants should each pay one-half of the expense of administration and the costs of the action.

The defendants have appealed and contend that this construction does not properly interpret the will, and specifically that it fails to give force to the clause "subject to any and all encumbrance on any and all parts thereof," in the second paragraph of the will. This contention seems sound and requires a reversal of the case.

In the interpretation of a will a court should give consideration to all of its provisions. (*Brown v. Brown*, 101 Kan. 335, 166 Pac. 499; *Otis v. Otis*, 104 Kan. 88, 177 Pac. 520.) Excision will be used only as a last resort. (*Regnier v. Regnier*, 122 Kan. 59, 251 Pac. 392.)

In determining the intention of a testator the words of the will are to be read in the light of the circumstances under which it was written, including the condition, nature and extent of the testator's property and his relations to his family and to beneficiaries named in the will. (*Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527; *Hawkins v. Hansen,* 92 Kan. 73, 139 Pac. 1022), but, generally speaking, evidence as to the intention of a testator, separate and apart from that conveyed by the language used in the will, is not admissible for the purpose of interpreting the will. (*Postlethwaite v. Edson,* 102 Kan. 104, 171 Pac. 769; 28 R. C. L. 268 *et seq.*)

It will be noted that the devise to plaintiff of the land described in paragraph 2 of the will is subject to the encumbrances thereon. In other words, she was not devised any interest in the land that was represented by the encumbrances. The judgment of the trial court permits plaintiff to pay a sum less than the amount of the encumbrances on the property devised to her and in full payment of the encumbrances and of one-half of the personal debts. This construction would leave an interest in the 200 acres of land described in paragraph 2 (the amount of the encumbrances, $1,832.93, less the amount plaintiff is required to pay, $1,581.90), which was not devised to anyone. Partial intestacy will not be presumed. (*In re Brown,* 119 Kan. 402, 239 Pac. 747; *Fielding v. Alkire,* 124 Kan. 592, 261 Pac. 597; R. S. 22-258.)

Appellee argues that the words "all my just debts" used in paragraph 1 of the will necessarily include debts secured by encumbrances on the 200 acres of land, as well as personal debts, and that these are the debts referred to as "the above debts" in the clauses used in the last part of paragraphs 2 and 3 of the will. If that were the intention of the testator there would have been no purpose of putting into the devise of real property to plaintiff in paragraph 2 the words "subject to any and all encumbrance on any and all parts thereof," for the result contended for by appellees would have been reached by the omission of that language. A provision in the will that the disposition to be made of his property by a testator shall be subject to "all my just debts," or a provision in the first paragraph of the will that "all my just debts be first paid," has been spoken of as a perfunctory statement (*In re Brown,* 119 Kan. 402, 403, 239 Pac. 747), meaning by that that the property of the deceased would be subject to the payment of his debts

whether his will contained a clause of that character or not. In other words, it really adds nothing to a will so far as subjecting the property of the testator to the payment of his just debts.

It seems clear that the testator thought of encumbrances on the 200 acres of real property as being something distinct from debts, as he used those terms in the will. He does not call these encumbrances debts. While it is true they represented debts, the testator treated them as different things. It may be further noted that paragraph 2 of the will, generally speaking, deals with two different things. First, it is a devise of real property subject to encumbrances; second, it is a bequest of a one-half interest in his personal property subject to the payment of one-half of the testator's debts. This indicates that the testator thought his personal property would be sufficient to pay his debts other than the encumbrances, and that the one-half of the personal property bequeathed to the plaintiff in paragraph 2 of the will would be ample to pay one-half of such debts.

Paragraph 3 of the will contains a devise of real property to the brothers and sisters named, and also contains a bequest to them of one-half of the personal property, but makes all of the property given to them by the paragraph "subject to the payment of a one-half . . . of the above debts." Making the real property devised, as well as the personal property bequeathed by this paragraph, "subject to the payment of a one-half of the debts" tends to indicate that the testator thought it possible that the one-half of the personal property bequeathed to defendants would not be sufficient to pay one-half of the debts, in which event the real property devised to them should also be subject to such payment.

Paragraph 4 of the will devised the interest of the testator (an undivided one-eleventh in 160 acres of land) to his brother, Ernest Guthrie, but this paragraph contains no statement with respect to whether it shall or shall not be subject to the payment of debts.

As we understand this record, the personal property of the testator has been exhausted. The encumbrances on the real estate have not been paid, and there are unpaid personal debts of the estate amounting to $1,330.87. The real question for determination is what real property disposed of by the will is subject to the payment of these debts, and in what proportion or share. It seems clear that the 200 acres devised to plaintiff are subject to the encumbrances thereon, $1,832.93, and that the plaintiff will have to

take care of that. By paragraph 3 of the will one-half of the other debts is made a particular charge upon the eighty acres devised to the defendants. This amount is $665.44. The will makes no specific provision for the payment of the other half of such debts; or, more accurately, the provision made for their payment out of the personal property has proved to be ineffectual, for the reason that the personal property is now exhausted. So we have debts of the estate amounting to $665.44 for the payment of which the will makes no specific provision. This must be paid from the real property of the estate, for there is no other property from which it can be paid. The creditors are entitled to have any of the real property of the estate, other than the homestead of plaintiff, sold for the payment of these debts. They cannot look to the homestead. But since the devisees would be entitled to contribution among themselves, the other one-half, $665.44 of the general debts, should be apportioned against the devised real property subject thereto in accordance with the fair value of such real property. The plaintiff should be required to select her homestead of 160 acres from the 200 acres devised to her; the other 40 acres, less the encumbrance thereon and property chargeable thereto, should be valued; the 80 acres devised to defendants by paragraph 3 of the will, less the $665.44 already charged thereon, should be valued, and the interest in the 160 acres devised to Ernest Guthrie by paragraph 4 of the will should be valued and one-half of the personal debts apportioned in accordance with such values. We have used specific figures because we found them in the abstract, but these may have become increased by interest accumulations or otherwise, or decreased by payments made. This, however, should not be confusing.

The judgment of the court below will be reversed with directions to ascertain the value of the real property as above outlined and to render judgment in accordance with the views herein expressed. It is so ordered.