RE WILLARD FULLER'S ESTATE: ROSCOE S. FULLER, apt., LETTIE J. FULLER, apee.

October Term, 1898.

Present: ROSS, C. J., TAFT, TYLER, MUNSON and START, JJ.

Opinion filed December 21, 1898.

*License to Occupy, No Revocation of Devise.*—The testator, after the making of the will, made a contract in writing, but unsealed, unwitnessed and unrecorded, whereby he agreed to convey a piece of land included in one of the devises, and was to be paid therefor two hundred dollars in

installments, and to give a deed and take a mortgage back after fifty dollars had been paid. Possession· had been taken and twenty-eight dollars of the price paid before the testator's decease. *Held*, that the contract did not operate as a *pro-tanto* revocation of the will, creating the relation of mortgagor and mortgagee and leaving the testator only a chattel interest in the land, but was only a license to occupy, under which the licensor's interest was lost by non payment; and that if his payment created an equity in his favor, it could be asserted only by him, or his privies, not by the executor for the purpose of depriving the devisee of the land.

*Devisee Entitled to Rent as against Executor.*—A writing signed by a lessor,—but neither sealed, witnessed, acknowledged, nor recorded,— purporting to lease a spring with a right to construct and repair a reservoir and aqueduct for so long a time as the lessee, his heirs and assigns, shall pay the specified rent, amounts only to a license, leaving the title in the licensor so that by his devise of the land his devisee becomes entitled to the rent as against the executor.

APPEAL FROM PROBATE. Trial by court at the March term, 1898, Chittenden county, *Thompson*, J., presiding. Judgment as stated in the opinion. The appellant excepted.

*V. A. Bullard* and *G. W. Hendee* for the appellant.

*W. L. Burnap* and *M. A. Bingham* for the appellee.

TYLER, J. Willard Fuller, the testator, made his last will and testament February 1, 1888, and died October 12, 1891. The will was duly probated, the appellant was appointed executor, and accepted the trust. The testator devised to his daughter, the appellee, his farm situated in the town of Essex, during her natural life and at her decease to her children and their legal representatives in fee.

In the year 1887 said Fuller leased to one Reynolds, his heirs and assigns, the right to take water from a certain spring upon the farm, with a right to enter upon the land, construct a reservoir, lay aqueducts, make repairs, etc., for as long a time as Reynolds and his heirs and assigns should pay to Fuller and his heirs and assigns, an annual rental of twelve dollars, the lease to terminate upon default of payment of rent for thirty days after it became due and notice in writing to pay the same. The lease was in writing

and was signed by Fuller, but was neither sealed, witnessed nor acknowledged, as required in the execution of deeds, and it was not recorded in the town clerk's office. Reynolds and his assigns have been in the use of the rights given by the lease since its execution, and no claim is made of default in payment of the rent.

December 1, 1889, Fuller made a contract in writing with one St. Armour to convey to him half an acre of land from the farm, with a house upon it, for which St. Armour was to pay him $200, and interest annually, $5 to be paid on demand, and $4 on the first day of each month in advance, until $50 and interest had been paid, when Fuller was to give him a deed and take a mortgage to secure payment of the remainder. The writing was signed by the parties, but was not witnessed nor acknowledged. St. Armour went into possession of the land, and from time to time made some payments of $4 each, the last one on August 1, 1890. St. Armour died a short time before the testator. After the testator's death, St. Armour's widow continued for a time in possession of the half-acre, and then leased it to another person, who, for a time paid rent to the executor, upon his demand, and, February 22, 1892, Mrs. St. Armour, in consideration of $10 paid to her by the executor, quitclaimed the land to him.

The above are the material facts found by the trial court, upon which finding it affirmed the decree of the probate court which gave the use of the farm, including the spring of water and the half-acre to the appellee during her life.

(1) The appellant contends that this contract operated as a revocation, *pro tanto*, of the will in respect to the half-acre and created between the parties thereto the relation of mortgagor and mortgagee, and that the testator's interest in the land became a mere chattel interest.

The appellee contends that the contract did not create a mortgage debt from St. Armour to the testator, that it was

merely a license to St. Armour to occupy the land, and that by non-payment he lost all the right the contract gave him. This contention is correct. There was not such a conveyance of the land as operated to revoke the will, *pro tanto*. If St. Armour acquired an interest in the land by virtue of the payment of $28, it was a mere equitable interest which he, only, or those claiming under him, could assert. At law, the interest of St. Armour, upon failure of payment, fell back into the testator's estate and passed by his will.

(2) There is no question but that a description of premises in a deed sufficiently broad to include everything within the meaning of the word *land* would include a spring thereon supplied by percolating water. *Clark* v. *Conroe's Estate*, 38 Vt. 469. The court below found that the writing given by the testator to Reynolds was a lease of a right to take water from the spring. No one claiming under Reynolds is asserting a right to the spring. The executor claims that the lease conveyed the title to Reynolds, and that the testator then had only a lien or common law mortgage for the payment of the price, and that the $12 a year was not disposed of by the testator's will, but belonged to his estate. The appellee claims that the lease was not a conveyance of the spring; that the spring remained a part of the farm devised to her, and that she was entitled to the annual rent.

The title to the spring was in the testator at the time of the execution of the will, and the will, when proved and recorded, conveyed the spring, as a part of the farm, to the appellee, unless a conveyance such as the law requires is shown to have been made by the testator to another person. It was indeed held in *Stevens* v. *Dewing*, 2 Vt. 411, that a lease to continue as long as wood grows and water runs conveyed a fee in the use of the land, liable to be defeated by the failure of the lessee to perform his covenants; but it was there held that an instrument to divest the lessee

of such an estate must be executed with a seal as required by the statute. In *Cady* v. *Sanford*, 53 Vt. 632, it was decided that a writing signed by the parties, but not under seal, nor acknowledged, nor witnessed, as required by the statute to convey real estate, did not operate to convey growing timber, but was a license to cut timber during the time named in the contract.

The writing amounted in law to a license to Reynolds and his heirs and assigns to take water from the spring upon payment of an annual rental. It was manifestly the intention of the testator to devise the farm to his daughter subject to this license. If the licensee should at any time fail to pay the stipulated rent there could be no doubt but that the spring would be the absolute property of the devisee.

If the question were whether Reynolds and his heirs and assigns, having performed the condition in the writing by them to be performed, had an equitable right to the enforcement of the contract, the authorities cited by the appellant would be in point. No question arises in respect to the power of the probate court, under V. S. 2493, to license the executor to make a conveyance according to the contract. The case finds that since the year 1887 Reynolds and his assigns have been in the use of the rights given by the lease, and are now taking water from the spring.

If the testator had leased the entire farm, or a tenement thereon, to some person by a revokable contract, there would be no question but that the devisee would have taken the farm subject to the encumbrance with a right to the rent. The present case is not different in principle.

> *There was no error in the judgment below, and it is affirmed and ordered to be certified to the probate court.*