JACOB SMITH v. RICHARD HOLDEN *et al.*
### No. 10140.

1. WILL—*parol evidence competent to show instrument intended for, and not gift inter vivos.* Parol evidence of the facts and circumstances surrounding a person executing an instrument of gift may be received to show that such instrument was intended as a will, and not a donation *inter vivos;* and may also be received to ascertain the subjects and objects of the testator's bounty, and to show that another, whose signature appears upon the instrument in connection with that of the maker, did not sign as a joint testator.

2. ——— *general finding in favor of probate, affirms all necessary facts, including testator's mental capacity.* A general finding by the court that an instrument "is the last will and testament of the deceased, and is entitled to probate as such will," is an affirmation of the existence of every special fact necessary to support an order admitting it to probate, and therein of the soundness of mind of the testator.

3. —————— *evidence examined and held sufficient to prove execution of.* Testimony examined, and found to prove the due execution of the will, and its attestation by the subscribing witnesses in compliance with the statutory forms.

Error from Shawnee District Court. Hon. Z. T, Hazen, Judge. Opinion filed October 9, 1897. *Affirmed.*

*A. Bergen*, for plaintiff in error.

*Stebbins & Evans*, for defendants in error.

DOSTER, C. J. The defendants offered for probate, as the will of Sarah A. Smith, deceased, the following instrument:

"It is my desire that the amounts herein below shall be distributed as follows: Of the moneys now in the hands of W. A. L. Thompson Hardware Company, of Topeka, Kan., Mrs. Emma Holden, for the use of her son Kenneth, eight hundred dollars ($800), and to Richard L. Holden fifteen hundred dollars ($1,500); payable to R. L. Holden, July 1, and Emma, November 1, 1889. And, further, that Sallie M. Merritt, Lizzie H. Latham, Nannie B. Battey, Ida M. Holden and Ida S. Thompson shall pay Richard L. Holden two hundred and fifty dollars, to be collected from rent, as soon as the rents can be collected. Signed this sixth day of April, 1889.    SARAH A. SMITH.

"Witnesses: IDA S. THOMPSON.    JACOB SMITH."
            RACHEL BLEDSOE.
            D. C. JONES."

The probate court refused to admit it to probate or record as such will. The proponents appealed to the district court, which court, upon trial, sustained the appeal and rendered the following judgment:

"Now, on this seventeenth day of September, 1894, the court, being fully advised in the premises, finds the said instrument so presented for probate as the last will and testament of Sarah A. Smith, deceased, is sufficient in form, and is the last will and testament of

Sarah A. Smith, deceased, and is entitled to probate as such will. Wherefore, it is by the court considered, adjudged and decreed that said instrument be admitted to probate, in the probate court of Shawnee County, Kansas, as the last will and testament of said Sarah A. Smith, deceased, and that said probate court cause the same to be recorded, in manner provided by law, as such will and testament.

This judgment is brought here for review, and the assignments of error are, that the court below erred : "*First*, in holding that such instrument was a will ; *second*, in holding that it was the will of Mrs. Sarah A. Smith ; *third*, in holding that the same was legally executed and witnessed ; *fourth*, in holding that it should be probated as a will before the death of Jacob Smith ; *fifth*, in ordering that the instrument be probated as a will without finding that Sarah A. Smith was of sound mind."

It is urged in argument that the instrument is too uncertain in its character and terms to be adjudged the will of Mrs. Smith ; that it is signed, not alone by her, but by another as well, and it cannot, therefore, be told to whose property it relates ; that it cannot be told whether it evidences gifts *inter vivos* or testamentary in character, because it sets dates for the passing of such gifts ; and it is further urged that its ambiguities in such respect cannot be corrected by explanatory evidence, because it must be construed wholly by its own terms, and that, so construing it, it must be held the will of Jacob as well as of Sarah Smith, if a will at all, and therefore not entitled to probate until his death. As an alternative proposition, it is contended that, if resort can be had to the extrinsic evidence introduced upon the trial, such evidence fails to show that the instrument was legally executed and witnessed as a will, and fails to show that Mrs. Smith was of sound mind at the time of its

execution ; and also that, without a specific finding of mental capacity in the testator, the order to probate was erroneously made.

There was but little contrariety of testimony in the case, except as to the condition of Mrs. Smith's mind at the time of the execution of the instrument. As to that, there was testimony upon which the court might have made a specific finding either way. The substantially undisputed facts are, that Sarah A. Smith was the second wife of the plaintiff in error, Jacob Smith, and he was her second husband. She never had any children. The instrument was written and signed April 6, 1889. She died May 17, 1889. At the time of her death she was about sixty years of age. Her nearest relatives were a sister and nephews and nieces. When Mr. and Mrs. Smith were married, she had about ten or twelve thousand dollars' worth of property. During their twenty years of married life this increased to about sixty or seventy thousand dollars. Shortly before the making of the writing in question, she gave away to her nieces, by deeds of conveyance and otherwise, all her property except such as may have been referred to in the instrument. She had frequently stated that she never would make a will. At the time of her death she had about two thousand dollars in the possession of the Thompson Hardware Company, of Topeka. This company was in charge of her husband, the plaintiff in error, who was also the president of the company. He also had money of his own in the possession of the company. Mrs. Thompson, a step-daughter, wrote the instrument at the request of Mrs. Smith. She saw Mrs. Smith sign it, but did not see any of the others sign it. The witnesses signed the instrument at Mrs. Smith's request and in her presence. However, she did not declare it before any of the witnesses

to be her will, nor request any of them to sign or attest it as her will. Jacob Smith, the husband, signed it to "pacify" his wife, and because he did not want to have her "excited." The persons to whom the gifts expressed in the instrument were made were Mrs. Smith's nephews, to whom, during her last sickness, she expressed an intention to give something. Neither Sallie H. Merritt, Lizzie H. Latham, Nannie B. Battey, Ida M. Holden, nor Ida S. Thompson were owing Mrs. Smith anything, nor did they have charge of any of her property out of which to collect any rents. At the time of the execution of the instrument Mrs. Smith was very ill, and said she feared she could not live until morning, and desired to sign the paper and have it witnessed, at once.

The assignments of error are not well taken. Somewhat more strictness is observed in the reception of parol evidence of expressions of a testator's intentions than in the case of like evidence explanatory of contracts *inter vivos.* 2 Wharton on Evidence, § 992, *et seq.;* but the rule that evidence of the circumstances under which an instrument is made and the facts to which it stands in relation may be shown in exposition of its character and meaning, applies as well to wills as to any other class of writings. 2 Wharton on Evidence, § 996, *et seq.* Such evidence is admissible, not only to apply meaning to words used, and to ascertain the objects and subjects of a testator's bounty, but also to determine the character of the instrument, whether testamentary or otherwise. In the case of *Robertson v. Smith et al.,* 2 Court of Probate & Divorce, 43, the court remarked :

1. Parol evidence competent to show instrument a will.

"The guiding principle in determining whether the paper is, or is not, of a testamentary character, has been determined to be this : — that it will be held testamentary if it were the intention of the testator that

the gifts made by it should be determined on his death. The question, then, is how is that intention to be ascertained? It has long since been decided that if the language of the paper is insufficient, parol testimony may be admitted to ascertain such intention," etc.

The authorities will be found substantially uniform to the same effect. *Clark v. Ransom*, 50 Cal. 595 ; *Succession of Morvant*, 45 La. 207, 12 So. Rep. 349 ; *Tozer v. Jackson*, 164 Pa. St. 373 ; *In the Goods of Slinn*, 15 Law Rep. Probate Div. 156 ; *Jones v. Nicolay*, 2 Robertson Eccl. Rep. 288 ; *Cock v. Cooke*, 1 Court of Probate & Divorce, 240.

The rule of admissibility of parol evidence to determine the testamentary character of a writing, even in the face of its form as an instrument *inter vivos*, is summarized in the standard text-books.

"Evidence is admissible to show that a deed, or other instrument of gift, which on the face of it is not testamentary, was not intended to operate until after the death of the person executing it." 29 Am. & Eng. Encyc. Law, 158.

"The probate court acts fully up to the principle which regards as testamentary any instrument that is designed not to take effect until the maker is deceased, though assuming the form of a disposition *inter vivos;* and more especially, if it be incapable of operation in the intended form ; and accordingly in repeated instances, probate has been granted of such irregular documents, as the assignment of a bond by indorsement, receipt for stock and bills indorsed, a letter, marriage articles, promissory notes," etc. Jarman on Wills (6th ed.), 24.

It is clear, too, that the subject of a testator's bounty may be ascertained by parol, if not sufficiently expressed in the instrument.

"For the purpose of determining the object of a testator's bounty, or the subject of disposition, or the

quantity of interest intended to be given by his will, a court may inquire into every *material* fact relating to the person who claims to be interested under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator, and of his family and affairs ; for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will. The same, it is conceived, is true of every other disputed point, respecting which it can be shown that a knowledge of extrinsic facts can in any way be made ancillary to the right of interpretation of a testator's words.'' Wigram's Rule V, Wharton on Evidence, note to § 992.

The court below, therefore, rightly received evidence of all the facts and circumstances occurring in connection with the execution of the paper in question, and rightly viewed such paper as the will of the deceased, Mrs. Smith. She it was, and not her husband, who was *in extremis*, as she thought. When the paper was written and signed, she did not expect to live until morning. The beneficiaries named in the paper were *her* nephews — not her husband's. She had already given much to her nieces, and had said she desired to give something to her nephews. She had with the Thompson Hardware Company the amount of money named by her, yet undisposed of. Her husband, Jacob Smith, testified that he signed the instrument, not as his own will and testament, but out of regard for the feelings of his wife. These and other circumstances, not necessary to recapitulate, are convincing, to the effect that the paper is the will of the deceased, Mrs. Smith, alone, and that it relates to her property.

It is, however, alleged that it cannot be so regarded, because the bequests were payable, not after death, but at fixed times, beyond which the testatrix might have lived, and that, had she so lived, they must have been, of necessity, gifts *inter vivos*. It may be con-

ceded that where the character of an instrument of gift, testamentary or otherwise, is in doubt, a specification of time, within the possible limit of the life of the maker, at which his gifts are to pass to the donee, may be regarded as evidence of an intention that they shall pass *inter vivos;* but to make such specification of time conclusive of the question, or even of controlling weight in its determination, would be without precedent and contrary to reason. If it is to be conclusive or controlling, it proves that a will can never definitely fix the time of payment of a legacy or other bequest, unless the date be beyond the possible range of the testator's lifetime. If such be the case, why those numerous wills bequeathing legacies payable to children or others when they become of age? Such wills are frequently made by testators when in good health, and fix times of payment within the possible, and even probable, range of the maker's lifetime.

In justice to counsel for plaintiff in error, it may be remarked that his argument, closely analyzed, is not to the support of his proposition as a general rule, but only to its application to the writing in question. Whatever weight it may possess in opposition to the claim of testamentary disposition, it is overborne by the weightier fact that the paper in question was executed when the maker was dangerously ill and expected to live but a few hours longer. When in such condition, she might well fix dates, even in the near future, for the taking effect of her bounty. The case in such respect is very similar to that of *Cock v. Cooke,* supra, in which the court remarked: "The expression 'I wish my sister to have' appears to imply, 'I wish her to have after my death;' because when she wrote those words she was dangerously ill, and did not expect to live."

The claim that the will was not legally attested by

the subscribing witnesses is technical and unsubstantial. The statute requires that such an instrument
3. **Evidence sufficient.** "be attested and subscribed in the presence of such party, by two or more competent witnesses who saw the testator subscribe, or heard him acknowledge the same." That it was attested, and attested as the will of Mrs. Smith, is evident from the testimony of the witnesses. That it was attested in the presence of the witnesses is apparent from the testimony of some of them. One of these witnesses, however, did not observe the manual operation of signing by the testatrix, but knew that she had called for the paper for the purpose of signing it, and saw the signature after it was written. Another of the witnesses saw the testatrix sign, but omits to state whether she attested it as a witness in the testatrix's presence. These departures from the technical requirements of the statute are trivial. The witnesses were all in attendance upon the sick woman; if not at all times within her sight and hearing, they were within the circle and contiguity of her presence. Because a person in attendance upon another, during the execution and attestation of a writing with which they are both concerned, happens for a moment to step into an adjoining room, while some act in the process of certification is performed — an act contemplated by both of them and necessary to accomplish their mutual purpose — and, returning, finds the act done, they cannot be said to be without each others' presence.

So far as the testamentary capacity of Mrs. Smith is concerned, the findings of the court below upon the conflicting testimony, if it made any, are conclusive
2. **Finding that will entitled to probate affirms all facts.** upon us. The court made no specific finding of soundness of mind. It found, however, that the instrument in question "is the last will and testament of Sarah A.

Smith, deceased, and is entitled to probate as such will," and ordered that it be admitted to probate and record as such will and testament. This is a general finding in favor of the validity of the will as against the contesting parties, and is an affirmation of the existence of every special fact necessary to uphold the judgment. In the case of *Stout v. Townsend*, 32 Kan. 423, it was held: "Where a case is tried before a district court without a jury and a general finding of fact made upon oral testimony, such finding is a finding of every special thing necessary to sustain the general finding, and is conclusive in this court upon all doubtful or disputed questions of fact."

The judgment of the court below is affirmed.