No. 27,444.

Anna Stout et al., *Appellants*, v. A. E. Hosmer, Executor, etc., et al., *Appellees*, Ella Wood et al., *Appellants*.

### SYLLABUS BY THE COURT.

Wills—*Construction—Designation of Beneficiaries—Description by Class.* A will which devises property to a named trustee "to be by him held in trust, and to be by him distributed to the person or persons who may take care of me [the testatrix] during the remaining years of my life and when I shall need care and attention, he . . . to ascertain who may be entitled to my said property under the provisions herein made, and if more than one person is so entitled the proportion to be shared by each, and make such distribution as his wisdom and judgment shall direct," is not void for uncertainty in the beneficiaries named, nor because it gives to the trustee the power to ascertain who are beneficiaries under it. The phrase "during the remaining years of my life" means "during the remainder of my life."

Appeal from Jackson district court; Martin A. Bender, judge. Opinion filed June 11, 1927. Affirmed.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, *Z. E. Jackson,* of Atchison, *Floyd W. Hobbs, Albert M. Cole,* both of Holton, *E. F. Murphy,*

---

Wills, 40 Cyc. pp. 1445 n. 92, 1446 n. 99, 1475 n. 92; 6 L. R. A. n. s. 957; 28 R. C. L. 275.

*Elmer E. Euwer,* both of Goodland, and *William H. Trook,* of Marion, Ind., for the appellants.

*E. R. Sloan* and *E. D. Woodburn,* both of Holton, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is a contest over a will. The plaintiffs, heirs at law, distant relatives of Nola Bradley, deceased, commenced this action to have the will of the latter construed. They were joined in interest with those defendants who have appealed and who were also distant relatives of Nola Bradley. The controversy is between the relatives of Nola Bradley and certain parties claiming as devisees under her will. The material part of the will reads as follows:

"Item III. After the payments as provided in item I, and a payment of the expense of the inscription provided for in item II, I hereby devise and bequeath the rest and residue of the property of which I may die seized, both personal and real, and wherever the same may be situated, to A. E. Hosmer, as trustee, to be by him held in trust, and to be by him distributed to the person or persons who may take care of me during the remaining years of my life and when I shall need care and attention, he, the said A. E. Hosmer, as my trustee, to ascertain who may be entitled to my said property under the provisions herein made, and if more than one person is so entitled the proportion to be shared by each, and make such distribution as his wisdom and judgment shall direct. I made the foregoing provision herein for the reason that I have no direct heirs, and no relatives whom I wish to inherit any of my property at my death. If I should be possessed of any real estate at my death I hereby authorize and empower my said trustee, without the order of the court, to sell and transfer the same by deed at such price as his judgment shall direct, and hereby empower my said trustee to make and execute all conveyances, receipts and instruments, necessary to carry into effect the provisions of this my last will and testament."

The will was admitted to probate. A. E. Hosmer was named as executor and duly qualified as such. He answered alleging that the probate court had made an order for the final settlement and distribution of the estate and had directed A. E. Hosmer to carry out the terms and conditions of the trust set forth in item III of the will. He further alleged that he had investigated the facts surrounding the death of Nola Bradley and had found that the defendants, Sallie Blossom, William Blossom, Jr., Augusta Blossom and Maud Tipps had cared for and attended Nola Bradley and had complied with the terms and conditions set forth in the will, and that they were entitled to have the estate distributed among them. William Blos-

som, Jr., Augusta Blossom and Maud Tipps filed a disclaimer at the close of the evidence.

The court found:

"That the will of Nola Bradley is valid and binding, and that by its terms it defines a valid trust, and that A. E. Hosmer appointed in said will is trustee and authorized to carry out the trust as defined in said will.

"That the defendant, Sallie Blossom, took care of the said testatrix when she needed care and attention as provided in the terms of the last will and testament of said testatrix and the said Sallie Blossom is the *cestui que trust* and the beneficiary under the terms of said last will and testament and is entitled to the estate of the said Nola Bradley, deceased, and no other person is entitled to any part thereof."

The judgment was—

"That the will of Nola Bradley, deceased, was and is a valid will, and that the trust set forth in item 3 of said will is a valid and binding trust against the heirs of Nola Bradley under the laws of descent and distribution of the state of Kansas, and that said heirs take nothing by reason of said will and trust being valid . . . that A. E. Hosmer is the trustee of said trust and is authorized to carry it out according to its terms, giving to Sallie Blossom, the defendant, the said trust fund after the payment of the expenses in administering the estate of Nola Bradley, deceased, and the expense of carrying out said trust."

The appellants argue that there was no compliance with the terms of the will because she died seven days after it was made; that there was no beneficiary named in it who could come into court and claim as such; that the will contained a condition precedent concerning the care of Nola Bradley, which must have been performed before the devisees could take under the will; that the beneficiaries under the will were uncertain and according to its terms must be determined by the executor; that the law favors the heirs; and that they cannot be disinherited upon conjecture. All these contentions were embraced within a demurrer to the evidence which was filed by the appellants and which was overruled by the court. They present different angles to the same question, and each will be briefly answered.

The will can be complied with. The phrase "during the remaining years of my life" can mean nothing but "during the remainder of my life," whether that time be long or short. Those who took care of Nola Bradley from the time of making the will until her death can be ascertained definitely; they were ascertained by the executor and by the court. The beneficiaries under the will were not named by name, but they were described as a class. The one thing to be determined, to ascertain who were the beneficiaries named in the

will was to learn who came within the class named. That was done by both the executor and the court.

In *Bosserman v. Burton,* 137 Va. 502, the first paragraph of the headnote reads:

"A testatrix in her will gave the residue of her estate 'to those who shall take care of me during my last days, whoever they may be.' *Held,* that the will was not void for vagueness or uncertainty, nor because not wholly in writing."

That case is reported in 38 A. L. R. 767, to which is appended a note beginning on page 775, in which the writer says:

"Testamentary gifts, similar to that in *Bosserman v. Burton* (reported herewith), *ante,* 767, to the one who shall take care of the testator during his last days, have been held valid and enforced in a number of other cases."

In that note, on page 778, the writer also says:

"In a number of other cases, however, devises or bequests to the one who should take care of the testator or another have been held to be too uncertain."

In 28 R. C. L. 275 the following language is found:

"It is not necessary for a testator to give the full name or description of a legatee or devisee, in order to give effect to the bequest. It is sufficient if the beneficiary is designated with reasonable certainty; and in such a case the beneficiary may be identified by parol evidence of surrounding facts and circumstances. Such evidence is admissible to show the legatee either where the description in the will applies to several, or when it does not apply to any with accuracy. Extrinsic evidence, in such cases, does not create the devisee or legatee, but only serves to point out the person intended as such by the testator in his will." (See, also, note found in Ann. Cas. 1915 B, 10, and 40 Cyc. 1446.)

In a note to *Lomax v. Lomax,* 6 L. R. A., n. s., 957, is found:

"Parol evidence, then, is always admissible to identify the subject of a devise or bequest, or the person who is the object of the testator's bounty."

In 1 Jarman on Wills, 478, it is said:

"*Id certum est quod certum reddi potest* is a rule no less applicable to the objects than (as we have seen) it is to the subjects of disposition; and, therefore, it is no objection to a gift that it is so framed as to make the objects dependent upon some extrinsic circumstances, though it be an act performed, or even to be performed, by the testator himself in his lifetime. . . .

"Another illustration of the same principle is to be found in the case of a trust for a class of persons which is valid, although the shares and interests which they are to take are left to the discretion of the trustees."

This question was discussed by way of argument in *Smith v. Holden,* 58 Kan. 535, 50 Pac. 447, where the writer said:

"Somewhat more strictness is observed in the reception of parol evidence of expressions of a testator's intentions than in the case of like evidence explanatory of contracts *inter vivos*. 2 Wharton on Evidence, § 992, *et seq.;* but the rule that evidence of the circumstances under which an instrument is made and the facts to which it stands in relation may be shown in exposition of its character and meaning, applies as well to wills as to any other class of writings. 2 Wharton on Evidence, § 996, *et seq.* Such evidence is admissible, not only to apply meaning to words used, and to ascertain the objects and subjects of a testator's bounty, but also to determine the character of the instrument, whether testamentary or otherwise. . . . It is clear, too, that the subject of a testator's bounty may be ascertained by parol, if not sufficiently expressed in the instrument." (pp. 539, 540.)

In a sense there was a condition precedent attached to the devisees to take under the will. They must first have taken care of Nola Bradley according to the terms named in the will. It was made on January 2, 1925; she became ill on January 5, 1925, and died on January 9, 1925. The will was probated on January 20, 1925. Nola Bradley was living with Sallie Blossom at the time she made her will and continued to live with her until she died. Sallie Blossom, with the assistance of the members of her family, William Blossom, Jr., Augusta Blossom, Maud Tipps, and some nurses procured by Sallie Blossom, took care of Nola Bradley until her death. If there was a condition precedent attached to the devise that condition was fully performed at the time of the death of Nola Bradley.

Is there such an uncertainty of the beneficiaries named as renders the will ineffective? The class to whom the devise was made is named with certainty. The will provides that if more than one person is entitled to share under the will, the executor is directed to make such distribution as his wisdom and judgment shall direct. He found that four persons were entitled to share as beneficiaries under the will. In his answer he did not name the amount to which each of those persons was entitled, but that difficulty has been obviated by three of them filing disclaimers. The evidence tended to prove that those three assisted Sallie Blossom in taking care of Nola Bradley, so Sallie Blossom is the only person that comes within the class named as beneficiaries under the will. The law does favor the heir, but at the same time, it says that an owner of property may devise it as to him seems best so long as the devise is not made contrary to law nor for a purpose prohibited by law. There was nothing illegal in the devise of this property to the persons who should care for Nola Bradley during her lifetime.

There was no error in the judgment, and it is affirmed.