No. 28,719.

EMMA SCHOTT v. GERTRUDE SCHOTT, and W. M. CLARK, as Executor, etc., Intervener, *Appellees;* OTTO SCHOTT et al., *Appellants.*

(276 Pac. 823.)

Opinion filed May 4, 1929.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellants.
*C. A. Smart,* of Lawrence, for Gertrude Schott, and W. M. Clark, intervener.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents for review the question whether certain monetary bequests in the will of Mary Schott in favor of her two sons were chargeable upon the real estate which she devised to her daughter, it having developed that Mary's personal estate is insufficient to satisfy them.

The pertinent parts of the will and codicil read:

"Third. I give to my daughter Emma five dollars and the note of $50 that she owes me.

"Fourth. I give to my son Otto five dollars and the note of $100 that he owes me.

"Fifth. I give to my son Hugo three hundred dollars and the note of $100 that he owes me. . . .

"Sixth. I give to my daughter Gertrude all the balance of my estate, personal, real or mixed. The one hundred sixty acres of land on which I live belonged to my husband, and at his death I inherited one-half interest in the same and the [five] children inherited the other half. I have since purchased the interest of Otto and Hugo, and it is my intention to convey hereby to Gertrude all my interest in said real estate, including that purchased from Otto and Hugo.

"Codicil No. I: I hereby change clause 'five' of within will to read: 'Fifth. I give to my son Hugo the note of $100 he owes me. . . .'

"Codicil [No. III]: I, Mary Schott, of Douglass county, Kansas, hereby direct and devise that my bequests in my last will and testament, pertaining to my sons Otto Schott and Hugo Schott, be increased from the sum of ($5) five dollars each to said Otto Schott and Hugo Schott to ($500) five hundred dollars to each Otto and Hugo Schott. I feel, in justice to them and to myself, that if they had not sold me their one-tenth interest in the farm to me, after their father Fred Schott died intestate more than twenty years ago, they would, from the increase in value, receive double the amount now of what they did receive at the time of their sale to me."

Mary's personal estate realized $1,122.28. Lawful charges thereon had reduced that amount to $495.46 and the notes mentioned in the will; and costs and claims estimated at $250 were unpaid when this cause was on trial in the district court.

This action took the form of a suit in partition by the daughter Emma. Hugo and Otto filed separate answers pleading various matters, but particularly that by the text of the mother's will, and also by her oft-expressed intention, the land devised to Gertrude was subject to a lien to pay the $500 bequests to them.

The executor, W. M. Clark, filed a petition of intervention alleging that the personal property of Mary's estate in his hands was insufficient to pay the legacies and costs and expenses of administration and praying for a construction of the will on the question whether the real estate was chargeable with the payment of legacies.

Gertrude answered with a general denial, admitted the allegations of the intervener's petition, and set up the will, and prayed judgment quieting her title to the real estate.

The trial court ruled in favor of Gertrude, holding that the legacies to Hugo and Otto were not a charge upon the real estate devised to her.

Was this error? Appellants emphasize the legal significance of the first two lines of the sixth clause of the will:

"I give to my daughter Gertrude all the balance of my estate, personal, real or mixed."

This language, of course, is a mere devise of the residual estate, and if that were all we had to consider it might not be difficult to hold that the general estate, real and personal, was chargeable with the satisfaction of the bequests and that only the net remaining estate devolved on Gertrude. (*In re Estate of Strolberg*, 106 Neb. 173,

26 A. L. R. 643; 40 Cyc. 2011, 2023; 28 R. C. L. 306.) But that is not all of the sixth clause of the will. It proceeds with a statement touching the source of Mary's title to the real estate, and then explicitly declares her testamentary intention:

"And it is my intention to convey hereby to Gertrude all my interest in said real estate including that purchased from Otto and Hugo."

This language is so clear that it leaves nothing for lawyers to argue or courts to cogitate. All of Mary's interest in the land goes to Gertrude, not that interest less two bequests of $500 each to Mary's two sons.

In *Warlick v. Boone,* 120 Kan. 148, 242 Pac. 135, it was said:

"It is a rule of law that legacies are payable out of personal estate only, unless a contrary intention be derivable from the will, and if personal estate be insufficient to pay gifts not charged on land, they fail. Legatees may be disappointed, and the testator's desire may not be fulfilled, but the subject is one over which the testator has full control, and there is no occasion for departing from the common-law rule." (p. 149.)

It is argued on behalf of appellants that they should have been permitted to show *aliunde* that Mary's intention was that the bequests should be paid out of the real estate. To this there are two answers: At no time did appellants adduce evidence to that effect (*Newton v. Newton,* 127 Kan. 624, 274 Pac. 247), and the intention of a testator is to be derived from the will itself where that intention is plainly expressed on the face of the testament. In the instant case evidence *aliunde* was neither necessary nor permissible. (*Fries v. Osborn,* 190 N. Y. 35, 19 L. R. A., n. s., 457; *Crocker v. Crocker,* 230 Mass. 478, 5 A. L. R. 1617; *Kerens v. Union Trust Co.,* 283 Mo. 601, 11 A. L. R. 288; 40 Cyc. 1388-1390; 28 R. C. L. 214, 215.)

Some other minor points are urged against the judgment. These have been examined and disapproved and are not of sufficient gravity to justify discussion.

The judgment is affirmed.