No. 33,136

MARY FARLEY, *Appellee,* v. L. W. FULLERTON, Administrator of the Estate of Charlotte Fox, Deceased, *Appellant.*

(67 P. 2d 525)

Opinion filed May 8, 1937.

Samuel *Griffin* and *O. Mills,* both of Medicine Lodge, for the appellant.

*Donald Muir,* of Anthony, and *J. Raymond Eggleston,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This action arose out of plaintiff's claim to a specific bequest under the will of the late Charlotte Fox, of Barber county.

The testatrix died at an advanced age. She had three sons, Lawrence, James and Harry, all of whom were fathers of families. In her will Mrs. Fox bequeathed her household goods to her three sons. She also made five specific bequests, and devised and bequeathed the residue of her estate to her three sons, share and share alike, with a proviso concerning the disposition of any remainder of James's share, in the event of his death.

Our concern in this lawsuit is with the following specific bequest, which reads:

"To *the person who takes care of me* during my last sickness, *unless I* shall happen to *die suddenly,* I give and bequeath the sum of three hundred dollars ($300), to be in addition to any sum or sums that such person may have had bequeathed to him elsewhere in this instrument. *And in the event* of my death suddenly, and *this devise not having been properly earned,* I direct that such portion herein mentioned by me in this bequest of three hundred dollars

be and do remain as that portion of my estate to be disposed of in the follow-ing item." (Italics ours.)

The plaintiff Mary H. Farley claimed to be entitled to this bequest on the ground that she had rendered the services contemplated by the will.

The probate court rejected her claim and she appealed to the district court with better success. The cause was heard on the pleadings, on affidavits, and on exhibits of canceled checks showing payment of weekly wages to plaintiff from the testatrix. Judgment was entered in plaintiff's favor, and the cause is brought here for review.

It is first contended that there were issues of fact which entitled defendant to a jury trial and that it was error to dismiss the jury. Plaintiff's claim was as follows:

"For services rendered from August 1, 1930, until the middle of the winter of 1931. Also services rendered from April 1, 1932, until August 30, 1932. During all of this time I received the sum of $10 per week. Employment was taken with the understanding that if the said Charlotte Fox became ill in bed I was to receive $35 a week. Mrs. Fox became ill on April 28, 1932, while living at her home in Hazelton, Kan. On April 30, 1932, I went to Anthony with Mrs. Fox, where she remained and doctored with Doctor Galloway until July, 1932. She was in bed all of this time and I had sole charge of her. On July 3, 1932, we returned to her home at Hazelton. She became worse and we moved to Jim Fox's home at Cherokee, Okla. This decision was made by Charlotte Fox and Jim Fox, with the understanding that I was to go along and take care of her. At the time she was taken ill in bed I was informed of the bequest in the will, and at Charlotte Fox's request we changed the contract from $35 per week, permitting it to remain at $10 a week, with the understanding that I was to have the $300 at the time of her death."

It will be seen that in the claim just quoted plaintiff did tender certain issues of fact; and although no pleadings on behalf of the administrator were filed, his counsel orally did traverse those issues. However, as the cause proceeded, it became apparent that the real defense was not based on any dispute of material fact, but chiefly on the question whether plaintiff's admitted services during the periods stated in her claim and which ended at the death of Mrs. Fox brought plaintiff within the specific terms of the bequest. In this connection the meaning of certain verbal expressions in the bequest was drawn in question, particularly those which we have italicized above. Another question in the trial court was whether the terms of the bequest were ambiguous.

What service could a jury perform in the solution of such questions as those just stated?

Counsel for appellant assert that the children of the testatrix assisted in taking care of her during the periods covered by the services of plaintiff. That is doubtless true. It is to the credit of our common humanity that when the aches and pains of old age begin to appear, relatives, friends, and neighbors strive to do what they may to ease those infirmities. But it would not be a rational interpretation of this bequest to hold that in order to earn it the claimant would have to be the only person who had any hand in the care of the testatrix during her last illness.

Touching the verbal expressions in the bequest (which for convenience we have italicized), we hold that none of them was ambiguous; consequently, their interpretation was for the court, and not for a jury. Such is the general rule of law relating to the construction of written instruments. (*Bishop & Babcock Sales Co. v. Brogan*, 128 Kan. 779, 280 Pac. 749; *H. D. Lee Mercantile Co. v. Dieter*, 130 Kan. 660, 666, 288 Pac. 545.)

Error is predicated on the court's rejection of evidence which would have tended to show that it was the intent of the testatrix that "the person who takes care of me during my last sickness, unless I happen to die suddenly" should mean her son James Fox. To this there are several answers. Where the language of a will is plain, evidence to prove intention is inadmissible. (*Schott v. Schott*, 128 Kan. 262, 276 Pac. 823; *Guthrie v. Guthrie*, 130 Kan. 433, 286 Pac. 195.) See, also, 94 A. L. R. 31-93. Furthermore, there was a specific bequest which recognized the previous services of James Fox. It read:

"ITEM III. I herewith make and devise the following to my son, James K. Fox, on account of his having taken care of me for a greater portion of my declining years than either of my other two sons, I give and devise the sum of five hundred dollars ($500), to be given him out of the first of my estate, and in addition to any other sum or sums that may hereinafter be devised him."

It is, of course, quite believable that the testatrix hoped that one of her sons, perhaps James, would care for her in her last sickness. The scrivener of her will so deposed; but while the testatrix gave James a special bequest in acknowledgment of filial services rendered by him in excess of those she had received from his brothers, it is apparent, we think, that the testatrix felt some uncertainty about James being able to render the sort of special services she might need if she had a protracted last sickness. She even went to the extent of making testamentary disposition of so much of her

residual estate as she devised to James—"if any portion thereof . . . shall remain in his possession at his death." And so, quite wisely, we think, the testatrix bequeathed the $300 to whomsoever the person might be who would eventually qualify under its terms. In this connection it should also be noted that the will was made on October 18, 1928. The testatrix' infirmities which eventually culminated in her death did not begin until August, 1930, and even then they were intermittent and not continuous. But from April 28, 1932, until her death on August 30, 1932, for a period of four months, this plaintiff did perform the sort of services for which the testatrix made special provision in the $300 bequest. Plaintiff was the person who took care of the testatrix during her last sickness; the testatrix did not die suddenly; and certainly no other person has claimed to be entitled to the bequest.

The fact that extrinsic evidence has to be resorted to in order to ascertain the person intended to be the beneficiary of a bequest does not create an ambiguity as to the intention of the testatrix. Mrs. Fox's intention was perfectly clear. But in 1928 she could not know who would take care of her in her last sickness; she could not know whether she would die suddenly or after a lingering illness; and so she made the bequest in such terms that its beneficiary would be ascertainable in the fullness of time.

There is a wealth of authority that a will or a bequest in a will is not invalid because it does not designate the beneficiary by name, if he is so described as to be readily ascertained by the aid of extrinsic evidence. In *Dennis v. Holsapple*, 148 Ind. 297, 47 N. E. 631, 62 A. S. R. 526, 46 L. R. A. 168, the fourth clause of a will read:

"Whoever shall take good care of me and maintain, nurse, clothe, and furnish me with proper medical treatment at my request, during the time of my life yet, when I shall need the same, shall have all of my property of every name, kind, and description left at my death." (p. 298.)

The supreme court of Indiana held that the devise was good. The first headnote to the court's opinion reads:

"It is not essentially necessary that the testator, in his will, name the legatee or devisee, in order to give effect to the bequest; it is sufficient if the beneficiary is so described therein as to be ascertained and identified."

See, also, the instructive case of *Bosserman v. Burton*, 137 Va. 502, 120 S. E. 261, 38 A. L. R. 767, and annotation.

There is no error in the record, and the judgment is affirmed.