No. 35,609

In the Matter of the Estate of Charles Schnack, Deceased (NETTLETON M. SPRINGER, *Appellee*, v. FRIEDERICKE SCHNACK, *Appellant*).

(130 P. 2d 591)

Opinion filed November 7, 1942.

*Walter F. Jones,* of Hutchinson, argued the cause, and *Roscoe E. Peterson,* of Larned, was on the briefs for the appellant..

*A. L. Moffat,* of Kinsley, and *W. D. Jochems,* of Wichita, argued the cause, and *H. S. Rogers,* of Larned, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from a judgment admitting a will to probate.

On May 19, 1941, there was filed in the probate court of Pawnee county a petition of Nettleton M. Springer Schnack, for the probate of the will of Charles Schnack, who died May 1, 1941. The will need not be noticed in full. By its terms the testator devised and bequeathed "to my wife, Nettleton M. Springer Schnack," all of his property, and he named her as the sole executrix of the will. In due time an answer and cross petition was filed by Friedericke Schnack, the mother of the decedent. She denied that Charles Schnack left a will and alleged he died intestate; she denied he left as his heir at law a widow, Nettleton M. Springer Schnack, and alleged he was an unmarried man at the time of his death and left his mother as his sole heir at law; she denied Charles Schnack executed the purported will, and she further denied that at the date the purported will was made there was any such person in being as "my wife, Nettleton M. Springer Schnack" mentioned in the will, and alleged that if the court should find the will was actually executed by the decedent, it should be held inoperative both as a testamentary disposition of his property and as the appointment of a personal representative. In a negative way it may be stated there was no allegation the decedent lacked testamentary capacity at any time. The cross petition is noticed only to say that it

alleged Charles Schnack died intestate, leaving his mother as his sole heir at law, and prayed for the appointment of an administrator.

The probate court heard the matter, denied the petition for probate of the will, and appointed an administrator of the estate. An appeal was perfected to the district court and the matter was there heard on the pleadings filed in the probate court. At that hearing, in the opening statement for the petitioner, counsel stated he thought there was only one point involved, and that was whether Charles Schnack had executed the will. Counsel for Friedericke Schnack stated there were two issues—(1) that petitioner was not the wife of the decedent, and (2) that the will was not executed by decedent. A great deal of evidence was received. Briefly stated, the scrivener of the will, who was a witness to it, and the other witness to the will, testified to the circumstances of its preparation and execution, but neither was asked the direct question whether at the time the testator was of sound mind and was not under any restraint. Other testimony was of expert witnesses who testified the signature to the will was or was not the signature of Charles Schnack. At the conclusion of this testimony the trial court announced it found the instrument offered for probate was signed by Charles Schnack in the presence of two witnesses. Friedericke Schnack filed a motion for judgment notwithstanding the finding for the reason the pleadings and evidence adduced showed she was entitled to judgment. She also filed a motion for a new trial. On the hearing of these motions it became apparent the principal reason asserted was that the petitioner had failed to show the mental capacity of the decedent when the will was made. The petitioner moved to reopen the case for further evidence on that point, and Friedericke Schnack objected. The case was reopened and further testimony was offered by the petitioner tending to show mental capacity. At the conclusion of this testimony Friedericke Schnack announced she had no testimony to offer on that point. In connection with the motion for a new trial, an affidavit of so-called newly discovered evidence was offered. Its substance was that Charles Schnack, on April 24, 1941, had told the affiants he had made no will; that he had made provision for Maude (referring to Maude Springer) and that he wanted his property to go to his mother. Later, and on January 26, 1942, the trial court found the issues in favor of the petitioner and overruled the motion for judgment, and rendered judgment admitting the will to probate. A second motion for new trial was filed. At the hearing thereon the entire record was reviewed, and thereafter the motion

was denied. The appeal to this court followed. The specifications of error cover the matters hereafter discussed.

Appellant contends the trial court erred in denying her motion for judgment. Our attention is directed to *McCarthy v. Weber*, 96 Kan. 415, 151 Pac. 1103, which holds in effect the burden of proof is on the proponent to prove due execution of the will and that the testator was of sound mind and not under restraint, and it is contended there was failure to make such a showing. It is true that at the first hearing no witness was asked direct questions as to whether Charles Schnack was of sound mind and memory and not under restraint, and whether he had knowledge of his property and the natural objects of his bounty, etc. The testimony did disclose that the scrivener of the will and who was a witness to it had known Charles Schnack since he was a boy, knew of his associations with the legatee named in his will, and had prepared the will at his request and direction. The other witness to the will testified not only as to the execution of the will, but to the fact that he maintained an office in the rear of a drug store conducted by her. It is to be borne in mind that Friedericke Schnack, in her written objection, had made no claim of incompetency, and in her opening statement in the district court had made no such claim. We are inclined to believe that a *prima facie* showing was made. In any event, when by motion for judgment the question was specifically raised, the petitioner asked leave to open, which was granted, and testimony of which no complaint is made was offered by petitioner, and then Friedericke Schnack announced she had no testimony to offer on the point. The trial court did not abuse its discretion in opening the case for further evidence as to mental competency of the testator, nor in denying the motion for judgment.

It is also contended the trial court erred in finding the will was executed by Charles Schnack. Appellant directs our attention to *In re Creger's Estate*, 135 Okla. 77, 274 Pac. 30, 62 A. L. R. 690, wherein it was said that proceedings to admit a will to probate are equitable in nature, and on appeal the supreme court would weigh the evidence but would not reverse unless the judgment was clearly against the weight of the evidence. That is not the rule in Kansas.

But if the rule contended for be applied here, no reversal would result on the question of execution. Appellant insists the testimony of one of its expert witnesses is conclusive. The abstracts disclose, however, that as part of petitioner's main case two witnesses testified

positively to seeing Charles Schnack sign his name to the will. Respondent then showed by two bankers and an avowed handwriting expert that in their opinion the name signed to the will was not the genuine signature of Charles Schnack. In rebuttal two other avowed handwriting experts testified that in their opinion the signature was genuine. Were this court to weigh the evidence, it could not say the judgment that the will was executed by Charles Schnack was clearly against the weight of the evidence.

The rule in Kansas, stated repeatedly, is that in a will contest, where there is conflict in the testimony with respect to due execution of the will, mental capacity of the testator, etc., and findings thereon are made by the trial court, if such findings are based upon substantial competent testimony they are conclusive on appeal to this court. See, among other cases, *McCarthy v. Weber*, supra; *Bell v. Skinner*, 119 Kan. 286, 239 Pac. 965; *Bradley v. Hill*, 141 Kan. 602, 42 P. 2d 580; *Gilpin v. Burch*, 145 Kan. 224, 65 P. 2d 308; *Anderson v. Anderson*, 147 Kan. 273, 76 P. 2d 825.

Under separate headings appellant contends the trial court erred in holding that petitioner was the person intended as the legatee in the will, and in considering any evidence to identify her. An understanding of these contentions requires reference to the record.

The testator had lived for years at Larned, Kan. On the day the will was executed he met Estelle V. Ingels, with whom he had been acquainted since he was a boy. She was a former court reporter and a duly admitted attorney at law. In response to a question as to his health he stated he didn't think he would ever get well, and he asked her to fix up something to protect Maude, as she was known to her friends, and referring to Miss Springer. She told Schnack that Miss Springer should be identified in some way and he directed her to write it as "Nettleton Maude Springer Schnack, his wife." It may here be said the trial court, in deciding the case, stated it did not consider the oral testimony offered without objection as to the conversation between the testator and the scrivener at the time of the preparation of the will. She prepared the will in question and that evening she met him and he went with her to the Lynch Drug Store, where Schnack maintained his office, and where the will was executed in the presence of Mrs. Ingels and Miss Lynch. The trial court heard evidence concerning the relations existing between Nettleton M. Springer and the testator, their business relations, years of acquaintance and their close associations,

the details of which will not be set forth, and found, as was conceded, that at the time the will was executed, and thereafter, Nettleton M. Springer was not the wife of the testator and had not lived with him in a relationship such as would be considered his wife at his death, but in the opinion of the trial court, she was the party described in the will as beneficiary and executrix. The substance of appellant's complaints is that Nettleton Maude Springer was not the wife of Charles Schnack; that the gift was to "my wife" and she does not fit the description, and that the court erred in admitting testimony of identity. It may here be observed that if appellant's contentions are sustained, there is no gift of the estate to anyone and Charles Schnack died intestate, except as possibly he appointed an executrix.

The question is one of construction of a will. In *Zabel v. Stewart*, 153 Kan. 272, 276, 109 P. 2d 177, it was said:

"It is settled in this state that the fundamental rule for construing a will is that the intention of the testator is to be gathered from the instrument as a whole, and that intention must prevail if it is consistent with the rules of law. (See *Johnson v. Muller*, 149 Kan. 128, 86 P. 2d 569, and cases cited.) Generally the will should be upheld where possible (*Klingman v. Gilbert*, 90 Kan. 545, 135 Pac. 682); should be construed to avoid intestacy, if possible (*Johnson v. White*, 76 Kan. 159, 90 Pac. 810), the supreme test being to determine the actual intention of the testator (*Thornberry v. Fletcher*, 91 Kan. 744, 139 Pac. 391), although it has been said there is no occasion for employing rules of judicial construction where the intention is expressed clearly and unequivocally in the will (*National Life Ins. Co. v. Watson*, 141 Kan. 903, 905, 44 P. 2d 269). Many other cases may be found, but those cited are illustrative of the rules stated."

Later cases to the same effect are *Tomb v. Bardo*, 153 Kan. 766, 769, 114 P. 2d 320; *Whitsitt v. Mulkey*, 154 Kan. 138, 114 P. 2d 836; *Dyal v. Brunt*, 155 Kan. 141, 147, 123 P. 2d 307.

Although there is some complaint the court received incompetent evidence to prove identity, the record as abstracted shows no objection. In discussing her contention the trial court erred in considering evidence of identity, appellant directs our attention to authorities from other jurisdictions and to *Guthrie v. Guthrie*, 130 Kan. 433, 435, 286 Pac. 195, where it was said that generally speaking evidence as to the testator's intention, separate and apart from the language of the will, is not admissible in interpreting the will, although that case recognizes the rule that in determining intention, the will is to be read in the light of the circumstances under

which it was written, which include the nature and amount of the testator's estate and his relation to his family and named beneficiaries. Substantially the same was the holding in *Ernst v. Foster*, 58 Kan. 438, 49 Pac. 527.

In *Smith v. Holden*, 58 Kan. 535, 50 Pac. 447, it was held that parol evidence may be received to show that an instrument was intended as a will, and to ascertain the subjects and objects of the testator's bounty.

In *Wilson v. Stevens*, 59 Kan. 771, 51 Pac. 903, in a *per curiam* opinion reported only in the *Pacific Reporter* the trial court had found that the testator meant by the designation of Ollie and Florence as his children, his daughter Viola and his son Alonzo. The evidence showed that Viola was known by the family as "Olie" or, as the scrivener wrote it, "Ollie." Other evidence showed the scrivener thought the testator called one child "Florence" although he may have misunderstood; that the testator referred to the child's residence as being in the neighborhood of Wichita, where the son Alonzo did actually live. In the opinion it was said:

"The authorities allow the identity of persons misnamed in wills to be ascertained by parol evidence of facts and circumstances. Hence the evidence upon which the finding in question was based was properly received." (p. 904.)

In *Cummins v. Riordon*, 84 Kan. 791, 115 Pac. 568, it was held that parol evidence was admissible to identify lands devised by ascertaining to what tract the description applied.

In *Phillipson v. Watson*, 149 Kan. 395, 87 P. 2d 567, the admissibility of extrinsic evidence to aid construction of a will was before the court, and it was there held:

"In construing a will the primary rule to be followed is the will itself, the language used in it, and all parts of it. Evidence tending to show the situation of the testator at the time the will was executed, the nature of his business, the extent of his property, and his family or relatives, may be received if helpful in identifying property or beneficiaries, or to clarify language used by the testator, but not to change the will. Evidence respecting matters which occurred after the will was executed, and particularly after it was probated and the estate administered under it, is incompetent as bearing upon the construction of the will." (Syl. ¶ 3.)

In *Stout v. Hosmer*, 123 Kan. 697, 257 Pac. 223, where the testator left property to a trustee to be paid to the person or persons who took care of him, etc., it was held to be sufficient if the beneficiary is designated with reasonable certainty, and that such beneficiary could be identified by parol evidence. A like result in a similar case

was reached in *Farley v. Fullerton*, 145 Kan. 760, 67 P. 2d 525. And as bearing on the question see the leading case of *Women's Foreign Miss. Soc. v. Mitchell*, 93 Md. 199, 48 A. 737, 53 L. R. A. 711, dealing with effect of misnomer of a beneficiary, and also 4 Page on Wills 643, sec. 1622 *et seq.*, 1 Bartlett's Kansas Probate Law and Practice, § 398, p. 372 *et seq.*, 69 C. J. 161, and 28 R. C. L. 270.

Without pursuing the matter further, we are of opinion the court did not err in considering the evidence to identify the legatee named in the will.

But appellant insists that because he referred to the beneficiary as his wife, and concededly she was not, she did not fit the description of the beneficiary in the will and hence cannot take. Many cases may be found holding that where there is a conflict between the name and description of the beneficiary, there exists a latent ambiguity removable by extrinsic evidence. See the annotation on "Admissibility of Extrinsic Evidence to Aid Interpretation of Will," 94 A. L. R. 26, 104. Under such a rule any ambiguity in the will before us was explained by the evidence received. In *In re Chambers' Estate*, 112 Misc. Rep. 551, 183 N. Y. S. 526 (affirmed without opinion 196 App. Div. 934, 187 N. Y. S. 930), it was held that where a testator when making a will states a relationship he knows does not exist, but adds the name of the object of his bounty, he is deemed to have done so with knowledge of the nonexistence of the relationship. In our opinion more significance should not be given to the words "my wife" than to the name of the person designated as the object of the testator's bounty.

The trial court found the will was not ambiguous, and in that we are inclined to agree, for its terms are clear and no doubt arose as to beneficiary and executrix until appellant claimed that the person named was not the wife of the testator. Conceding that doubt or uncertainty arose upon proof or admission the named beneficiary was not the wife, then under the authorities extrinsic evidence was admissible, not to vary the will, not to make a will, but to ascertain what person the testator meant. The proof, aside from that of the scrivener of the will, was ample, and no complaint is made that it wasn't. The complaint is only that it should not have been considered. Although the trial court did not consider the scrivener's testimony as to the conversation preliminary to the execution of the will, and in which the testator gave instructions, we think it

might well have been considered. But if it were considered, it would only strengthen the conclusion reached by the trial court.

The purpose of the judgment was to determine the intention of the testator as to his beneficiary, and its effect was to prevent intestacy. The judgment is supported by competent and substantial testimony.

In connection with her contention the trial court erred in denying her motion for a new trial, appellant presents some of the matters heretofore discussed. In addition our attention is directed to the affidavit filed in support of the motion and in which the affiants stated the decedent told them shortly before his death he had made no will. The journal entry as abstracted shows that on the hearing, the whole record was before the court, arguments were made and the motion overruled. The newly discovered evidence, if it was in fact such, only tended to supplement evidence that the will had not been executed by Charles Schnack. It did not compel a new trial, for there was nothing about it that would lead to a conclusion the facts stated might or probably would alter the judgment.

There is also some argument the judgment is erroneous because Nettleton M. Springer Schnack not being the wife of Charles Schnack, the probate court will not know whom to appoint executrix of the will. The same testimony which determined identity of beneficiary determined identity of executrix. In any event, if the will is good, it does not concern appellant who is appointed to execute the will.

The judgment of the trial court is affirmed.